## Commonwealth of Pennsylvania *ex. rel.* Collins *versus* Boyd *et al.*

1. Where no inquisition under an execution is required by law, the claim for exemption must be made before the sheriff has incurred the expense of advertising.

2. The statute allowing exemption is reasonable and beneficent, and should not be construed so as to defeat the intention of the legislature, unless unavoidable.

3. In cases of waiver of inquisition, the defendant should have all his rights, as in ordinary proceedings to effect a sale.

4. The demand for appraisement is in time if it does not delay the plaintiff; that has been generally defined to be any time before advertisement.

5. An inquisition was waived under a fi. fa. The court below ruled that the defendants' claim ought to be made at the time of the waiver, or at any time during the same day, but not after. *Held* to be error.

November 19th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Fayette county :* No. 86, to October and November Term 1867.

This was an action of debt on the sheriff's official bond at the suit of the Commonwealth of Pennsylvania, with the suggestion of William L. Collins as plaintiff, against Samuel W. Boyd, sheriff of Fayette county, and his sureties.

The breach alleged was that the sheriff had not set aside to the plaintiff from a levy on his property under an execution, $300, to which he was entitled by the exemption laws.

A fi. fa. had been issued against the plaintiff to December Term 1858 ; to the writ was attached a waiver of inquisition by him, dated October 20th 1858.

The sheriff returned to the writ,—

" December 4th 1858 :—After due and legal notice given as required by law I sold the property in this writ mentioned to Robert Glendenning, for the sum of four hundred and twenty dollars, of which he retained three hundred and ninety-seven dollars as being applicable to his judgment, and balance applied to costs.   So answers          SAMUEL W. BOYD, Sheriff."

Also :—" When I went to levy on defendant's personal property, the defendant claimed the benefit of the exemption law, whereupon I summoned appraisers who set personal property off to him as per schedule annexed, which left none for this writ, whereupon I levied and sold real estate as per return on this writ. So answers          SAMUEL W. BOYD, Sheriff."

The schedule of personal property set off by the appraisers was dated October 21st 1858, and shows $95.55 worth of property set apart for Collins.

[Commonwealth v. Boyd.]

There was evidence that at the time the appraisers were appraising the personal property, Collins said to the deputy sheriff he would claim the $300 law; also, that on the day the personal property was appraised, after the appraisement, he said to the deputy sheriff he wanted the balance on the realty.

The court (Gilmore, P. J.) charged:—

"A waiver of inquest does not preclude the judgment-debtor from claiming the exemption allowed him under the Act of 9th April 1849. So much we understand as decided in a recent case (Shaw's Appeal). But still the inquiry is, can he make the claim after the waiver? We think he is confined to the time of the waiver, and not next day or after. In analogy to the decision in Bowyer's Appeal, 9 Harris 212, it ought to be made at the time or before the inquisition is waived, but at the time or any time during the same day we think will answer and not after. Here the waiver was on the 20th of October, and if the evidence is believed the claim was not made until the 21st, unless there is something in the special return of the sheriff which will satisfy you that it was made on the day of the waiver or at the time of the waiver."

The verdict was for the defendant.

The plaintiff took a writ of error, and assigned for error that the court erred in charging the jury that the claim of exemption "ought to be made at the time or before the inquisition is waived, but at the time or any time during the same day we think will answer and not after."

*E. Campbell*, for plaintiff in error, referred to Hammer *v.* Freese, 7 Harris 257; Brandt's Appeal, 4 Id. 343; Bowyer's Appeal, 9 Id. 212; Diffenderfer *v.* Fisher, 3 Grant 130; Hill *v.* Johnston, 5 Casey 364; Miller's Appeal, 4 Harris 300; Shaw's Appeal, 13 Wright 177; Wilson *v.* McElroy, 8 Casey 82.

*Kaine* and *Howell*, for defendants in error, referred to Weaver's Appeal, 6 Harris 309; Bowyer's Appeal, 9 Id. 210; Rogers *v.* Waterman, 1 Casey 183; Shaw's Appeal, 13 Wright 177.

The opinion of the court was delivered, January 7th 1868, by

Thompson, C. J.—This case arises under the $300 Exemption Act of 9th April 1849, and presents singly the query, in case of levy on real estate and inquisition waived, when a demand of exemption will be effectual? The learned Judge of the Common Pleas held that it was in time if made on the day of the waiver, but not on the next or any day thereafter, and relied for this on what was said in Bowyer's Appeal, 9 Harris 210.

In that case it was denied altogether to a debtor who waived inquisition and consented to condemnation and sale on the fi. fa.

The reasons for this seem to be that it might delay a sale in case the appraisers under the exemption claim should report in favor of setting off a portion of the premises to the debtor, as it would be the duty of the sheriff to make return of that fact on the writ, so that a venditioni might issue to sell the residue. At the very worst, in such an event, the delay would be no greater than in the ordinary mode of proceeding where inquisition is not waived and the exemption claimed. But if the appraisers should report that the property could not be divided without spoiling the whole, then the sale would proceed on the fi. fa., and a term would be saved to the creditor. In a large majority of cases the waiver would therefore expedite the recovery of the money, and in none could it be delayed by reason of the demand beyond the period requisite to complete a sale where there is no waiver. For these reasons we held, in Shaw's Appeal, 13 Wright 177, that a claim for exemption might be made on waiving inquisition.

But when must it be made? is the question here. I think that is answered by Bowyer's Appeal, where it is said, "In cases where no inquisition is required by law (for instance, when the execution is on a mechanic's lien), the request for an appraisement must be made before the plaintiff has incurred the expense of advertising." It is well settled that no inquisition is required where there is a waiver of it, and that a sale in such circumstances on the fi. fa. will be good; and why deny the rule its application to that case? The statute allowing exemption is reasonable and beneficent, and ought not to be so construed as to defeat the intention of the legislature, unless unavoidable. Although cases of waiver of inquisition were not probably in the mind of the legislature in passing the act, yet there is nothing to prevent a defendant from waiving his rights in such a case, as in the ordinary proceeding to effect a sale.

In numerous cases this court has held that the demand for appraisement is in time if it does not delay the plaintiff; and that has been generally defined to be any time before advertisement. It is true, most of the cases in which this has been said, were cases of sales of personal property; but there is no conceivable reason why the rule should not be the same in all cases; and it is suggested as proper in Bowyer's Appeal in regard to the sale of real estate when no inquisition is necessary. See also 1 Wright 425; 3 Id. 213; 1 Casey 182; 3 Id. 187; 7 Harris 255; 8 Id. 141.

The presentation of the case is somewhat defective in not showing the date of the levy on the real estate. But if I comprehend the sheriff's amended return, there was a demand of exemption at the time of the levy on the personal property, and he caused it to be appraised and set off to the defendant, "whereupon I levied and sold the real estate per endorsement on this

writ." In the natural order of events, as presented by this return, the levy on the personal property and demand of appraisement preceded the entry of the levy on the real estate. If so, it was not possible it could have been after advertisement.

Indeed, if the testimony of one at least of the appraisers be true, the plaintiff below reiterated his claim of exemption out of the real property, while the appraisement of the personal was progressing. It is not very material to inquire at this time minutely as to this, there being enough on the record to show that the property was not advertised when the demand for the appraisement was made. If this were so, the court erred in deciding that the defendant in the execution was too late in making his demand for exemption. No question was raised in the case as to the fact of a demand, and we must take it there was no room for dispute on that point; but, for the reasons given, we think the judgment ought to be reversed.

Judgment reversed, and *venire de novo* awarded.