## Yost, Garnishee, *versus* Heffner.

1. An attachment execution was issued from a justice, and a rule taken at the same time, on the garnishee to answer interrogatories then filed. On the return day of the attachment, the defendant claimed the $300 exemption. *Held*, to be in time.

2. The notice of claim was properly given to the justice: if not made to him, his judgment would have been conclusive.

3. In case of levy on chattels, the claim must be made so early as not to delay the sale or to require new advertisements.

4. Bair *v.* Steinman, 2 P. F. Smith 423; Strouse *v.* Becker, 8 Wright 206; Zimmerman *v.* Briner, 14 Id. 535, compared.

March 9th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

*Error to the Court of Common Pleas of Schuylkill county,* of January Term 1871, No. 90.

The proceeding here was an attachment execution issued December 22d 1864, by a justice of the peace, at the suit of Samuel Heffner against William Yost, on a judgment for $32.60, recovered July 24th 1864.

Daniel Yost was summoned as garnishee. Interrogatories to the garnishee were filed on the day the attachment was issued and a rule taken on him to answer in eight days.

The writ of attachment was returnable December 29th. On that day the defendant claimed the $300 exemption and the garnishee filed answers to the interrogatories. On leave, the plaintiff filed additional interrogatories January 5th 1865. On the 25th of January, the garnishee answered that he had in his hands $274.66 belonging to the defendant; same day the justice entered judgment against the garnishee. He appealed to the Court of Common Pleas.

On the trial June 28th 1867, defendant's point was:—

If the jury believe from the evidence that the defendant, William Yost, made his claim for the benefit of the exemption law on the return of the attachment execution to the justice of the peace, that the claim was made in time.

Under the direction of the court the jury found for the plaintiff $63.64, the question raised by the point being reserved.

The court afterwards entered judgment on the verdict on the following opinion:—

"The law requires that the notice of the claim shall be made within a reasonable time, and in this respect the case is not encum-

[Yost v. Heffner.]

bered with difficulty, but after the return of attachment and upon the day and time appointed, notice to the justice is too late, and in fact no notice at all.   The notice under the Act of Assembly must be given to the officer executing the writ.   The justice is not such an officer."

Garnishee took a writ of error and assigned the entering of judgment for error.

*W. R. Smith* (with whom was *J. W. Roseberry*), for plaintiff in error.

*L. Bartholomew*, for defendant in error, cited Rogers v. Waterman, 1 Casey 183; Strouse v. Becker, 8 Wright 206; Hammer v. Freese, 7 Harris 255; Diehl v. Holben, 3 Wright 217 ; Bair v. Steinman, 2 P. F. Smith 423; Zimmerman v. Briner, 14 Wright 535.

The opinion of the court was delivered, February 5th 1872, by
Thompson, C. J.—Strouse's Exr. v. Becker, 8 Wright 206, settles that a claim of exemption as against an attachment-execution must be made by the defendant within a reasonable time after the service of the writ, but what that reasonable time should be is not defined.   The case, however, determines what would be an unreasonable time, to wit: by plea to the sci. fa. against the garnishee.   The case was in the Common Pleas.

The case in hand began before a justice of the peace, and the court below held the claim too late, although made before the justice at the return of the writ.   Of this state of fact the reserved point was predicated.   We think the court erred in entering judgment for the plaintiff on the reserved question.   How the demand could be made sooner than this is not apparent.   To make it to the constable on serving the sci. fa. is not required by any express law. We will not say that this might not be good, but if so done it would only be for notice to the magistrate.   The constable could do nothing with it; no appraisement could be made by him.   The nature of the process, is to seize debts due or coming to the defendant: stocks, money deposits, notes, bonds, &c., belonging to him.   This shows that an appraisement is not in the case, and therefore it would only be by way of notice of claim that it might be made to the magistrate: Larrison's Appeal, 12 Casey 130.   But if the claims might be made in that way and be effectual, what is to hinder it being directly made before the magistrate by the debtor ?   It was made in this case also, the earliest period, as early as it could have been made if it had been entered on the writ, to wit : on the return day of the writ, and even before answers to the interrogatories were filed.   This was enough, and the notice to the magistrate proper ; if not made to him, his judgment

[Yost *v.* Hefner.]

against the garnishee would be conclusive, and exemption defeated, notwithstanding the decision cited, as also Bair *v.* Steinman, 2 P. F. Smith 423, and Zimmerman *v.* Briner, 14 Wright 536. These were all cases of attachment-execution in court, but the rule of exemption applies to execution-attachments issued by justices of the peace, as the act authorizing the proceeding by a justice shows: Act of 8th April 1859. The reason that the claim was held to be too late in Strouse's Exr. *v.* Becker, *supra,* where it was just disclosed by plea, was that the plaintiff may have been put to expense to litigate what he could not have done if he had been made aware that exemption would be claimed out of the assets attached. This principle has ruled in cases of levies on goods and chattels. The demand must in such cases be made at a period so early as not to delay the rule or to require new advertisements. The demand must be made promptly in all cases, and we think it was in time in this case, and therefore, the judgment must be reversed.

Now, to wit, July 5th 1872, the judgment on the reserved question is reversed, and judgment is entered for the defendant below with costs.