## W. F. WILLIAMSON v. C. H. KRUMBHAAR.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 24, 1890—Decided February 24, 1890.

[To be reported.]

1. When a debtor claims as against an execution the benefit of the exemption allowed by the act of April 9, 1849, P. L. 533, it is the duty of the sheriff to appraise and set apart to him property to the amount thereof, unless a waiver or some other specific act of the defendant, which clearly and without doubt deprives him of that right, is brought to the sheriff's notice.

2. A notice from the execution plaintiff, when informed by the sheriff of the claim for the exemption, that "the conduct of the defendant has been such as to forfeit his right," is insufficient to affect the sheriff with knowledge that the execution defendant had joined with his wife in asserting ownership, on her part, of the goods levied upon.

3. The sheriff has no right to demand indemnity from the defendant as a condition of allowing the exemption claimed, as this would in most cases practically defeat the operation of the statute:—nor can he, it seems, secure himself in disregarding such claim by an indemnity from the plaintiff, unless there be a claim of property by some third party.

4. The sheriff is vested with no discretion in the premises, and is not responsible to the plaintiff in damages for recognizing the defendant's demand, except in case of a formal waiver or of a wilful or wanton disregard of the plaintiff's plain right; the proper remedy of the plaintiff in all disputed cases where the sheriff has mistakenly or wrongfully allowed an appraisement, is to move the court to set the appraisement aside.

5. The claim of exemption must not be delayed unnecessarily until costs have been incurred which might readily have been avoided; a claim made on June 9th is in time as against an execution issued May 23d, when at the date of the claim no day of sale has been fixed, no advertisements posted, and, so far as is shown, no other expense incurred in executing the writ.

Before PAXSON, C. J., CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 37 January Term 1890, Sup. Ct.; court below, No. 392 June Term 1888, C. P. No. 3.

On August 17, 1888, Washington F. Williamson brought

Statement of Facts.

trespass against Charles H. Krumbhaar, sheriff of Philadelphia county, to recover damages for the alleged improper allowance by the defendant of a claim for exemption made by one George W. Rudder, a judgment debtor of the plaintiff. The defendant's plea was not guilty.

At the trial on April 29, 1889, the following facts were shown upon the part of the plaintiff: Having recovered a judgment against George W. Rudder, the plaintiff, on May 23, 1888, issued thereon a writ of fieri facias, and on the same day the present defendant, as sheriff, levied upon certain chattels, under said writ, as the property of said Rudder. Soon after the levy, Rudder informed Mr. James Marshall, who had been his counsel in the action in which the judgment was recovered, that the goods levied on belonged to his, Rudder's, wife. Thereupon, Mr. Marshall wrote and sent to the sheriff a notice, dated May 26, 1888, claiming the goods levied on, on behalf of Mrs. Rudder. In consequence of this notice, the sheriff, on May 31, 1888, obtained from the Court of Common Pleas No. 2 a rule for an interpleader, under § 9, act of April 10, 1848, P. L. 450, and on June 4, 1888, the rule was made absolute. No narr or bond was filed on behalf of the claimant, and she took no action to maintain her claim. About June 9, 1888, the defendant in the execution, George W. Rudder, gave the sheriff verbal notice that he claimed the benefit of the exemption law, and on June 19, 1888, filed a formal written claim for the allowance of the exemption. On June 22, 1888, the Court of Common Pleas No. 2 ordered that the sheriff have leave to proceed with the execution. At this time the sheriff had not incurred any cost or expense in the way of advertising, and no day of sale had been fixed. The sheriff on July 16, 1888, notified Mr. A. W. Horton, the plaintiff's attorney, that an appraisement would be made on July 19th, in connection with Rudder's claim of exemption. To this notice Mr. Horton replied by letter on July 17th as follows :

"DEAR SIR: Your favor of the 16th inst., stating that the appraisement in the above case would take place on Thursday, July 19, 1888, has been received. You will please take notice that I object to your allowing the exemption to the defendant in the above case, because of his laches in making his claim, and the consequent loss, expense and delay to which the plaint-

iff has been subjected. I object, also, upon the ground that the conduct of the defendant has been such as to forfeit his right to the benefit of the exemption laws."

The sheriff proceeded, however, on July 19th, to hold an appraisement. The goods levied on were appraised at $197.75, and were set apart to Rudder on account of his exemption. Thereupon, the sheriff returned the execution, his return reciting the various proceedings under the writ, ending with the appraisement.

At the close of the plaintiff's testimony, the court on motion of the defendant entered judgment of nonsuit and subsequently, after argument, discharged a rule to set the judgment aside, without opinion filed. Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In entering the judgment of nonsuit.

2. In refusing to set said judgment aside.


*Mr. Alexander Simpson, Jr.* (with him *Mr. A. W. Horton*), for the appellant:

If the wife was the owner of the property levied on, it was clearly improper to allow the exemption claimed by the husband: Gilleland v. Rhoads, 34 Pa. 187. If the husband was the owner, the right to the exemption was lost, because it was not claimed in time and also because it was forfeited by misconduct.

1. Was the claim made in time? The defendant in the execution is shown to have had full knowledge of the levy as early as May 26, 1888. The question therefore is, can a defendant, with knowledge that a levy has been made, delay twenty-three days in making a claim for his exemption, without any reason being given for the delay, the creditor in the meanwhile being put to the trouble and expense of attending to an interpleader proceeding, and after such delay maintain his claim? The exemption should be claimed before levy, if the debtor is present; if he is not present at the levy, the claim should be made promptly thereafter, and so early as not to delay the plaintiff, or involve the incurring of additional expense: Stewart's App., 20 W. N. 110; Strouse v. Becker, 44 Pa. 208; Yost v. Heffner, 69 Pa. 70. The costs to be prevented are not merely record costs, but the expense of counsel also: Strouse

Arguments.

v. Becker, 44 Pa. 208; Bancord v. Parker, 65 Pa. 338. This expense and the attendant trouble were incurred in the interpleader proceedings, in the present instance, and hence the claim was made too late.

2. Was the right to the exemption forfeited by the defendant's conduct? The benefits of the exemption law are not intended for one who fraudulently endeavors to defeat the execution of a levy, or who disclaims ownership of the chattels levied on: Gilleland v. Rhoads, 34 Pa. 187; Inhoff's App., 119 Pa. 350; Strouse v. Becker, 38 Pa. 190; Huey's App., 29 Pa. 220; Freeman v. Smith, 30·Pa. 264; Emerson v. Smith, 51 Pa. 90; McCarthy's App., 68 Pa. 217. Having improperly allowed the exemption and set apart the goods, the sheriff is liable to the plaintiff: Hare v. Commonwealth, 26 P. L. J. 149. The evidence is that the sheriff knew of the wife's claim, of all the proceedings in relation thereto, and was notified in writing not to allow the exemption. Had he chosen, he could have demanded indemnity before proceeding. His refusal to sell, without asking for indemnity, makes him liable : Hall v. Galbraith, 8 W. 220; Miller v. Commonwealth, 5 Pa. 295; Spangler v. Commonwealth, 16 S. & R. 68. As to this point, Freeman v. Smith, relied on by the appellee, is overruled by Dieffenderfer v. Fisher, 3 Gr. 30; Emerson v. Smith, 51 Pa. 90.

*Mr. Furman Sheppard* (with him *Mr. Henry C. Loughlin*), for the appellee:

1. If any injury has been done the plaintiff, his proper remedy was by rule to set aside the appraisement: Seibert's App., 73 Pa. 361; Stewart's App., 20 W. N. 110; Cornman's App., 90 Pa. 254; Wilkins v. Rubicam, 15 W. N. 128. That the sheriff should receive indemnity and disallow the exemption, is not good practice: Freeman v. Smith, 30 Pa. 265. But, even if the present suit was the proper remedy, the plaintiff is not entitled to recover. The claim of exemption was made in due time, as no postponement of sale was caused by it, and in fact no bills were posted or even prepared: Commonwealth v. Boyd, 56 Pa. 402; Yost v. Hefner, 69 Pa. 70; Stewart's App., 20 W. N. 110; Cornman's App., 90 Pa. 257; Diehl v. Holben, 39 Pa. 217; Elliott v. Flanigan, 37 Pa. 426. The strain of the plaintiff's position is clear, when he claims that the trouble and expense of counsel are to be considered.

2. The case does not exhibit such fraud as to cause a forfeiture of Rudder's rights. Certainly the sheriff should not be charged with notice that the plaintiff had knowledge of facts connected with the wife's claim, amounting to fraud, when no such notice was given him. But fraud is not to be presumed. It is not clearly apparent in this case. The claim for exemption was promptly made. The claim of property made by the wife's attorney, a few days previously, may be considered as abandoned. The claim of exemption was allowed in a case almost similar to the present one : Allemong v. Passmore, 14 W. N. 124. The few cases in Pennsylvania which rule that the right to exemption depends in a measure upon the integrity of the debtor, are opposed to the whole current of authorities in other states : Freeman on Executions, § 214 a. The statutes of exemption are to be liberally and beneficially constructed : Freeman v. Smith, 30 Pa. 266 ; Cornman's App., 90 Pa. 257 ; Murfree on Sheriffs, § 449.

OPINION, MR. JUSTICE CLARK :

The writ of fieri facias in this case came into the sheriff's hands on May 23, 1888 ; and about June 9th, following, George W. Rudder, the defendant therein, made a verbal demand upon Krumbhaar, the sheriff, for the exemption of $300 ; a more formal demand was made in writing on June 19th following. On July 16, 1888, A. W. Horton, Esq., the attorney for Williamson, the execution creditor, was notified by the sheriff that the appraisement and designation of the property under Rudder's claim would be made on the 19th, to which Horton replied that he objected to the allowance of the exemption "because of the defendant's laches in making his claim, and the consequent loss, expense, and delay to which the plaintiff was subjected ; " and also "upon the ground that the conduct of the defendant has been such as to forfeit his right to the benefit of the exemption laws." The sheriff proceeded, however, with the appraisement, and set apart property to the defendant, under his claim, to the amount of $197.75. The writ with the appraisement, was returned in due form by the sheriff, and no further proceedings were had thereon. This suit is brought by Williamson, the plaintiff in the writ, to recover from Krumbhaar, the sheriff, the value of the goods which it is alleged were improperly set aside to the defendant in the execution.

After the levy, on May 26, 1888, notice was given to the sheriff by Rudder's wife that the goods levied upon were owned by her, and not by her husband, and on June 4th, following, a rule was entered for an interpleader; but, the wife failing to file a bond in accordance with the order of the court, the interpleader fell, and the sheriff, on June 22d, was ordered to proceed with the execution. It is alleged that Mr. Marshall, the attorney who gave notice of Mrs. Rudder's claim, was employed by Rudder to act in her behalf; and the appellant's contention is, that Rudder was thereby precluded from making any claim of exemption. But it must be borne in mind that this is not a proceeding to set aside the appraisement; it is an action against the sheriff, and there is no evidence that he was aware of Rudder's participation in the interpleader. If the case was being considered upon a motion to set aside the appraisement, this might have been a potential ground for so doing; but the sheriff cannot, in such a case as this, be affected by any fact of which he had no knowledge. It is true that Mr. Horton, in his letter of July 17th, had objected to the allowance of the exemption, upon the ground that the conduct of the defendant had been such as to forfeit his right, but the sheriff could not deny the defendant's claim upon a general and indefinite charge of that kind. If there was any specific act of the defendant, known to the plaintiff or his attorney, which would forfeit the defendant's right to exemption, and they desired to affect the sheriff with notice of it, it was their duty to state what it was. The sheriff's duty was to set apart the property, unless a waiver or some other specific act of the defendant was brought to his notice which clearly, and without doubt, deprived the defendant of that right.

The sheriff has no right to demand an indemnity from the defendant; for this, in most cases, would practically defeat the operation of the act of assembly which secures to him this bounty. It seems, also, that he cannot secure himself by an indemnity from the plaintiff: Freeman v. Smith, 30 Pa. 264; unless there is a claim of property by some third party, as in Dieffenderfer v. Fisher, 3 Gr. 30. As Mrs. Rudder's claim fell with the interpleader, it may well be doubted whether, under our cases, the sheriff could have protected himself by indemnity. If, then, according to the appellant's contention, the de-

Opinion of the Court.

nial or recognition of the defendant's claim of exemption by the sheriff is at his own peril, the execution creditor should at least be held to a full and specific disclosure of all the facts upon which he relies to defeat that claim.

The sheriff is invested with no judicial power or discretion in the premises; and it is only in the case of a formal waiver, or of a wilful or wanton disregard of the execution creditor's plain right, that the sheriff may be held for damages in recognizing the defendant's demand. The proper practice in all disputed cases where the sheriff mistakenly or wrongfully allows an appraisement, as stated by Mr. Justice AGNEW, in Scibert's App., 73 Pa. 361, is to move the court to set the appraisement aside. In that mode of procedure, the sheriff, having discharged his duty in good faith, is relieved from responsibility, and the parties litigant stand squarely upon their respective rights. The questions of fact involved are then judicially determined, and the result is binding upon the parties.

We are of opinion, moreover, that the plaintiff's demand in this case was in time. The writ, as we have said, issued May 23, 1888. A verbal demand for the exemption was made about June 9th thereafter. The general rule is that the exemption should be allowed when it can be done without prejudice to the rights of creditors; it must not be unnecessarily delayed, until costs have been incurred which might have been readily avoided: Cornman's App., 90 Pa. 257. In a number of cases, it has been held to be in time if made at a period so early as not to delay the sale, or to require new advertisements: Commonwealth v. Boyd, 56 Pa. 402; Yost v. Hefner, 69 Pa. 70. In this case, no day of sale had yet been fixed, no advertisements posted, nor is it shown that any other expense had been incurred.

　　　　　　　　　　　　　　The judgment is affirmed.