## Freeman *versus* Smith.

A constable who disregards the provisions of the exemption law of 9th April 1849, by refusing to permit the debtor to select and retain goods to the amount of $300, is liable in an action of trespass.

No indemnity will save him harmless in disregarding the act; a bond or obligation given for such purpose will not bind the parties to it. THOMPSON, J.

It is no defence to such action, that the debtor had other property, exceeding $300 in value, which he fraudulently withheld from the officer, and refused to permit him to levy on.

But evidence of such a state of facts is receivable in mitigation of damages; and, if proved, the damages will be only nominal.

The benefits of the act were intended for the honest poor, not for the protection of fraudulent debtors.

ERROR to the Common Pleas of *McKean county.*

This was an action of trespass by Brewster Freeman against George R. Smith, a constable, for levying upon and selling goods of the plaintiff, which were exempt from execution by the Act of 9th April 1849.

The defendant was charged with the collection of an execution, issued by a justice of the peace, in favour of S. B. Sartwell, against Brewster Freeman, the plaintiff. He levied upon two cows belonging to Freeman, who claimed to retain the same under the $300 exemption law. They were appraised at less than $300. The officer then demanded other property, admitted by Freeman to be in his possession; this he refused to produce, or to permit a levy to be made thereon. Under these circumstances, the defendant disregarded the appraisement already made, and advertised and sold the cows levied on. For this, the present action was brought.

On the trial, the defendant offered to prove "that at the time of the levy and appraisement, Freeman had other property to the amount of $300 and upwards, which he fraudulently withheld from the officer; and that, at the time of the appraisement, he admitted having in his possession, and being the owner of, a large amount of property, which he refused to turn out, or allow the officer to levy." The court admitted the evidence, notwithstanding an objection on the part of the plaintiff, and sealed a bill of exceptions.

In answer to points presented by the plaintiff and defendant, the

[Freeman *v.* Smith.]

court below (WHITE, P. J.) charged the jury " that if, at the time of the levy made by the defendant, there was property of the plaintiff liable to execution, which he falsely stated belonged to another, and had other property in his possession which he prevented the defendant from making a levy on, and said property was equal in value to the amount to which the plaintiff was entitled, under the Act of 9th April 1849, then the plaintiff was not entitled to recover in this suit. That the return of the constable was conclusive evidence that he took possession of the property levied on; but that the return of the appraisers did not conclude him from setting up as a defence that the plaintiff had $300 worth of personal property, which he falsely stated belonged to other persons, or fraudulently prevented the defendant from making a levy on."

The jury found a verdict for the defendant, on which judgment was entered; whereupon the plaintiff sued out this writ, and the only error here assigned was as to the admission of evidence that Freeman had other property which he fraudulently withheld from the officer.

*Curtis*, for the plaintiff in error.—Under the Act of 9th April 1849, the plaintiff in error had the right to elect what property he would have appraised and retained for the use of his family: Wilson *v.* Ellis, 4 *Casey* 238. It matters not how much other property he might have had. The constable should have taken the legal means to seize it in execution.

*S. P. Johnson*, for the defendant in error.—By refusing to produce the goods demanded by the constable, Freeman elected to retain them, and refused to have them appraised. A debtor may waive his right: Hammer *v.* Freese, 7 *Harris* 255; Brant's Appeal, 8 *Harris* 141; Miller's Appeal, 4 *Harris* 304; Winchester *v.* Costello, 2 *Pars.* 282.

The opinion of the court was delivered by

THOMPSON, J.—This was an action of trespass against the defendant in error for disregarding the provisions of the Act of 9th April 1849, which exempts $300 worth of a debtor's property from levy and sale.

The act is imperative, that the officer charged with an execution or warrant of sale " shall, if requested by the debtor," cause to be appraised and set off property which such debtor shall elect to retain, " to the amount of $300, which shall be exempt from levy and sale."

The refusal of the constable to obey the law in this case—the exemption having been claimed by the party, and there having been no previous waiver of exemption or allowance of it on the writ—was a clear violation of the statute, for which he laid him-

[Freeman *v.* Smith.]

self answerable to the party injured. The legislative mandate was peremptory. The officer was invested with no judicial power or discretion in the premises. No indemnity could save him harmless for a disregard of the act, for it would not be binding on the party giving it. He was bound to obey, if the debtor had not had the benefit of the law, and having legally claimed it. The law furnishes a remedy to the plaintiff against the fraudulent acts of the debtor, which, although sometimes inadequate to reach him, was not a reason that would justify the officer in disregarding positive law. In Wilson *v.* Ellis, 4 *Casey* 238, it was held, that for a similar disregard of the act, the officer was liable in trespass.

But the extent of liability, under the proof, is a question for the consideration of the court and jury. Did the court err in admitting the evidence contained in the bill of exceptions? Although it was received and treated as furnishing a full defence, which, we think, was error; yet, if it was evidence for any purpose, the case cannot be reversed for such reception: County *v.* Leidy, 10 *Barr* 45. Was it not proper to be received in mitigation of damages? The Act of Assembly of 1849 was kind and beneficent legislation, in favour of the poor and distressed. It put it out of the power of the creditor, often grasping and avaricious, to strip a debtor and his family of their only means of subsistence. It inaugurated a new era; for the first time, the law seemed to treat inability to pay, not as a crime, but as a possible misfortune. It wore rather a benignant smile of encouragement for honest misfortune, than the ancient frown of condemnation upon inability to pay. But its meditated benefits were for the honest poor. Rogues and cheats were not the objects of its bounty. And were it not that the meritorious might be liable to be wronged, were we to allow an officer to disregard the Act of Assembly on the ground of alleged fraud, because of his inability to distinguish between the honest and dishonest, we might feel much more inclined to sanction the views of the court below as laid down. But it would not do, to permit a mere executive or ministerial officer to disregard the plain requirements of a statute, either on his own opinion of want of honesty in the debtor, or upon the allegations of others. The evidence received by the court below went to establish fraud on the part of the debtor in concealing property; and being received for that purpose, and submitted to the jury, the fact was found against him. By this finding, he stands convicted of having property which he concealed or withheld from satisfying the execution. He was within the letter of the law, so far as to entitle him to claim the exemption, and to elect to retain, and the constable was outside of it in attempting to adjudge him fraudulent, although right in his belief, as the verdict showed. The debtor was not within the spirit of the act, if he was not of the class of honest poor, for whom its benefits were intended. This the con-

[Freeman v. Smith.]

stable acted upon as his belief, and claimed the right to show it; and we think the court should have permitted it on the subject of the damages. While the constable was certainly liable for disregarding the act, we cannot consent that the party shall be successful, in despite of not only imputed, but established fraud, in accomplishing what he undertook; and, in fact, to do better. For if he can recover damages to the amount of the property sold, which an honest debtor might, in like circumstances, do, he would have the execution satisfied by the sale, and hold the constable or his sureties liable to pay him the value of the property sold for the trespass committed; and thus the concealed property would be entirely released, and might make its appearance in broad daylight at any time, if there were no other executions. I would not nullify the act to reach such a case as this. I would let the officer mitigate the damages, by showing fraud if he could, holding him answerable to the full extent if he failed. I have already said, and repeat it, that the officer must not rely on indemnity for disregarding the Act of Assembly. No bond or obligation given for such purpose will be binding: *Story on Cont.* § 572. It is certainly in harmony with the principles of justice, so to administer the law in this case, that the property may go in satisfaction of the debt, rather than to a dishonest debtor, and such will be the case to some extent, by holding fraud to be a ground of partial excuse, if no more, in favour of the officer. We think it is pretty apparent that the plaintiff's damages were not more than nominal.

The court erred in submitting the evidence when received as a full defence or bar to the plaintiff's action. It should have been submitted in mitigation of damages only. But there is no exception to the charge or answer of the learned judge to the points of the plaintiff or defendant, so as to bring this point before us—and as the evidence was properly received for the purpose we have indicated, the judgment must be affirmed.

Judgment affirmed.