# Emerson *versus* Smith.

1. The fraudulent concealment of other property, liable to execution, for the purpose of hindering and delaying the creditor by preventing a sale of the property levied on, is a bar to the defendant's right, under the exemption law, to retain the property seized.

2. Fraud is no bar if it is independent of the transaction in which the levy was made ; but when it exists in the very transaction, it is a positive bar, and is not to be used merely in mitigation of damages.

3. The sheriff may, at his own risk, resist a claim of the debtor, if he has reason to believe he is not entitled to the exemption.

ERROR to the Court of Common Pleas of *Indiana county*.

One Heim recovered against Emerson, the plaintiff, a judgment, on which a *fieri facias* was issued and put into the hands of Smith, the defendant, who was sheriff of Indiana county.

[Emerson v. Smith.]

Under this writ, the sheriff levied on a horse and saddle of Emerson, without seeing him or calling on him for money or property. Emerson gave the sheriff notice that he claimed the property levied on under the Exemption Law, and requested the sheriff to have it appraised. The sheriff, being indemnified, disregarded the request, and sold the horse, for which Emerson brought this action of trespass.

There was evidence of Emerson having fraudulently concealed other property, but not that he endeavoured to conceal the property levied on.

The following are the points submitted, and answers of the court :—

*3d point of plaintiff.*—If the jury believe that the plaintiff used no falsehood or effort to conceal the property levied on, or to hinder the sheriff from levying on the same, he is entitled to recover nominal damages at least.

This point is answered in the affirmative, if the plaintiff's conduct was fair, and no fraudulent concealment of other property. But if the jury believe he did fraudulently conceal other property with design to hinder the creditor, and embarrass the officers, it would be a defence to the action ; and in that event we answer in the negative.

*1st point of defendant.*—If the jury believe from all the evidence in the cause, that William E. Emerson, the plaintiff, had, at or about the time of the levy and sale of the horse by the sheriff, other property liable to execution, which he fraudulently concealed or withheld, or attempted fraudulently to conceal or withhold from the officer, with a design or intent to prevent, hinder, or delay the collection of Heim's judgment, it is an absolute bar to this action, and he is not entitled to recover.

Answered in the affirmative.

*4th point of defendant.*—If the jury believe that the plaintiff owned, or had an interest in money, promissory notes, or other obligations, at or about the time he claimed the benefit of the exemption law, which he fraudulently concealed and withheld from the payment of his indebtedness to Heim, he is not one of the class of debtors entitled to the privilege of exemption, and he therefore cannot recover.

Answered in the affirmative, if the jury find such fraudulent concealment at the time of the levy.

Buffington, P. J., charged the jury : "It is alleged that the debtor acted fraudulently in wrongfully concealing other property ; that he had money and notes and checks and horses and other property, which were kept concealed.

"This is a question of fact for the jury. If the jury believe he did hinder the execution of this process by fraudulently covering up his property, so as to prevent a levy, he forfeits his right.

[Emerson *v.* Smith.]

" The plaintiff's counsel contend that, notwithstanding the debtor may have been guilty of fraud in concealing property, yet if the aggregate of his whole property did not amount to $300, in the estimation of this jury, he is entitled to recover. We are not of that opinion. The debtor's property is not necessarily exempted. He may waive either expressly or by neglecting to demand it, or by acquiescing in the levy an unreasonable length of time. He is the one that is to act, and act promptly when the exemption is to be allowed. In demanding it, he must come with clean hands and pure purpose. It is only such that have a right to demand it. He knows the extent of his own property. The sheriff does not. If he has not more than $300, he can rely with confidence on his right to exemption. If he has more, the surplus may be levied on. Nor is the sheriff to know whether he has or has not. Besides, it is not the sheriff, but the appraisers, that are to judge of the value. If the debtor fraudulently refuses to disclose his condition, but, with a view to hinder the collection of the money, fraudulently conceals it so that it cannot be appraised, who is to blame ? The sheriff takes the risk upon him of making out the fraud ; but how is he to know the amount of property, and the extent of the fraud ? That is a fact known only to the debtor, and the very fact of fraudulent concealment, if the jury believe it, raises a strong suspicion, if not a presumption, that he had property exceeding $300 ; otherwise, as we have seen, there would be no inducement for concealment or fraudulent practices."

The plaintiff excepted to the opinion of the court, and in this court assigned the following errors :—

1. The court erred in their answer to the 3d point of the plaintiff below, in that part of the answer where they say, " but if the jury believe he did fraudulently conceal other property with design to hinder the creditor and embarrass the officers, it would be a defence to action. In that event we answer it in the negative."

2. The court erred in their answer to the 1st point of the defendant below by answering it in the affirmative.

3. The court erred in answering the 4th point of the defendant below in the affirmative : " if the jury finds such fraudulent concealment at the time of levy."

4. The court erred in that part of the charge where they say : " The plaintiff's counsel contends that notwithstanding the debtor may have been guilty of fraud in concealing property, yet, if the aggregate of his whole property did not amount to $300 in the estimation of this jury, he is entitled to recover. We are not of that opinion."

*Banks* and *White,* for plaintiff in error.—The fraud, to affect

the debtor, must be in relation to the property levied on : Huey's Appeal, 5 Casey 219 ; or where he refuses to produce other property admitted to be in his possession : Freeman v. Smith, 6 Id. 264 ; or alleges the property belonged to another : Strause's Ex'rs. v. Baker, 2 Wright 190 ; citing also Smith v. Emerson (this case), 7 Wright 460. .

*H. W. Weir* and *A. W. Taylor*, for defendant in error.— (The reporter received no paper-book of defendant in error.)

The opinion of the court was delivered, January 8th 1866, by

AGNEW, J.—This record presents but a single question, which is, whether a fraudulent concealment of other property liable to execution for the purpose of hindering and delaying the creditor by preventing a sale of the property levied on, is a bar to the debtor's right to retain the property seized under the Exemption Law ? Taking the result of the authorities as our guide, we must give an affirmative answer : Huey's Appeal, 5 Casey 219 ; Gilleland v. Rhoads, 10 Id. 190 ; Diffenderfer v. Fisher, 3 Grant 30 ; Stevens's Ex'rs. v. Becker, 2 Wright 190 ; Smith v. Emerson, 7 Id. 460.

It has been repeatedly said that the Exemption Law was designed for the honest poor, not the roguish. It is not independent fraud, however, but such as affects the execution of the creditor, that defeats the debtor's claim. By the Exemption Law, property to the value of $300, and no more, shall be exempt. But if a debtor can hide his property, or keep it under cover, so as to conceal its knowledge from the officer, and thereby assist himself to retain that which he finds it convenient or necessary to keep openly, his fraud bears directly upon the latter, for it is because the former is unknown, or out of the way, the latter is suffered to remain with him.

But it is argued that Freeman v. Smith, 6 Casey 264, decides that such fraud is no bar to the action, and simply mitigates the damages. The point decided there was, that evidence of the fraud was rightly admitted, because it at all events mitigated the damages ; and because there was no exception to the charge of the court below ruling it to be a bar, the error could not be reached. The reasoning of the judge delivering the opinion was to the effect that it was no bar to the action. We cannot concur in what was there said. When this case was here before (7 Wright 456), the distinction between the effect of the fraud to reduce the plaintiff's claim to nominal damages, and its operation, as a complete bar, was disregarded ; and our brother Woodward, delivering the opinion, treated the former as substantially answering to the latter. Nor can we well discover how fraud can be used to mitigate the damages and not to bar the action.

[Emerson *v.* Smith.]     •

When the sheriff levied his execution on the horse, Emerson either had a right to retain him as exempt, or he had not. If he had the right, because the fraud was no bar, then the horse remained his, and could not be seized. To seize him was to take property of so much value, and that value is the measure of his damages, because it represents his right. Being his, no power can deprive him of it, compensation being the duty even of the state when she asserts her highest powers. If the fraud is no bar, it is because it is independent—because its taint does not run in the veins of the transaction and corrupt its current,—certainly it would be an unheard-of doctrine to be announced that a party may by mitigation be deprived of redress for an admitted wrong, because in his other dealings he is a rogue. But if the fraud do inhere in the very transaction itself, by its intended effect preventing the collection of the debt, then the fraudulent debtor can claim no right of exemption under the law, whose conceded purpose only " meditated benefit for the honest poor. Rogues and cheats were not the objects of its bounty :" Freeman *v.* Smith.

Nor do I think the law is so absolute in its command that a sheriff dare not resist every claim for exemption, however baseless it may be. That in making a levy he acts at his risk is familiar to all. A stranger may claim property in the goods or a pledge, or bailee assert his qualified right, and the officer proceeds at his peril. It was to lessen his danger the Interpleader Act was passed. There are numerous decisions under the Exemption Law itself, where the officer has proceeded in disregard of the debtor's claim, and has been sustained. Justice Woodward well remarked, in Diffenderfer *v.* Fisher, 3 Grant 30 : " The plaintiff has a right to try the title, which he can do only by a sale, and when he indemnifies the officer and takes the risk of the proceeding, he is not to be baulked by such a shuffle as was attempted here." See also Gilleland *v.* Rhoads, 10 Casey 187 ; Rosenberger *v.* Hallowell, 11 Id. 369.

The judgment is affirmed.