## Jones Snyder to use, Appellant, *v.* Hannah Schmick.

*Exemption—Debtors—Execution—Notice.*

The defendant in an execution, whose real estate is about to be sold, is not barred by a delay of ten days in making his claim of exemption, where the sale has not thereby been delayed, nor costs incurred that might have been avoided by an earlier presentation of the claim.

Argued Feb. 5, 1895. Appeal, No. 49, July T., 1894, by plaintiff, from order of C. P. Lehigh Co., Jan T., 1890, No. 228, dismissing exceptions to appraisement for debtor's exemption. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to appraisement for debtor's exemption.

From the record it appeared that Hannah Schmick, on March 5, 1890, executed a judgment note for $370 containing waiver of condemnation for purchase money of a house and lot of ground situate in Weisenburg township, Lehigh county. When judgment was entered the defendant owned an adjoining tract of land upon which this judgment also became a lien. On December 16, 1893, execution was issued with this direction indorsed thereon:

"P. S. The within judgment is for purchase money for house and lot, situate in Weisenburg township, Lehigh county, bounded on lands of Jonas Snyder, Daniel Rupp and other lands of Hannah Schmick, containing about half of an acre. Condemnation waived."

On December 26, 1893, the defendant after the property had been advertised, claimed the benefit of the exemption law out of the real estate levied upon.

The sheriff on January 5, 1894, appointed three appraisers who reported in writing: "We went upon the real estate of said Hannah Schmick, the defendant, in the above execution, levied on under the same, having found that the same is of greater value than three hundred dollars, do determine that in our opinion said real estate cannot be divided without prejudice to or spoiling the whole."

The court dismissed exceptions to the appraisement.

*Error assigned* was in dismissing exceptions to the appraisement.

*John Rupp, Evan Holben* with him, for appellant, cited: Com. v. Boyd, 56 Pa. 402; Bowyer's Ap., 21 Pa. 210; Ulrich's Ap., 48 Pa. 489.

*James L. Marsteller,* for appellee, was not heard, but cited in his printed brief: Cornman's Ap., 90 Pa. 254; Shaw's Ap., 49 Pa. 177.

PER CURIAM, Feb. 25, 1895:

We find nothing in this record that would have justified the rejection of defendant's claim to the $300 exemption, either on the ground that it was too late, or for other reasons suggested by plaintiff's exceptions thereto. The sale was not delayed, nor were costs incurred that might have been avoided by an earlier presentation of the claim. There was therefore no error in dismissing the exceptions and discharging the rule to set aside the appraisement. The questions presented by plaintiff's exceptions have been sufficiently considered and properly disposed of in the opinion of the court below. For reasons there given the decree should not be disturbed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.