## William Hart *v.* Eli Hart. Alice Hart's Appeal.

*Execution—Debtor's exemption—Notice.*

A claim for the benefit of the exemption law need not be in writing. It may be made within a reasonable time after the defendant has been notified of the writ, provided it does not delay the sale of the goods or the land levied on.

Argued March 4, 1895. Appeal, No. 508, Jan. T., 1894, by Alice Hart, from order of C. P. Berks Co., Nov. T., 1893, Nos. 16 and 17, in William Hart v. Eli Hart, allowing a debtor's exemption. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to claim of exemption.

From the record it appeared that execution was issued on November 3, 1893, and a return of nulla bona was indorsed on the writ. Alice Hart, the appellant, was a lien creditor of defendant. On November 6, 1893, defendant's real estate was levied upon, and on the same day the sheriff gave notice of inquisition to the defendant. The court below found as a fact

that on November 11, 1893, defendant's agent made a verbal demand on the sheriff for the benefit of the exemption law, a few minutes after the property had been condemned. On December 8, 1893, defendant's attorneys gave written notice to the sheriff, that defendant claimed the benefit of the exemption law. Appraisers were appointed who reported that the property could not be divided. On December 16, 1893, the property was sold by the sheriff. Exceptions were filed to defendant's claim for the benefit of the exemption law, filed December 8, 1893, the same having been claimed and filed after the real estate sold under the above execution had been condemned; also to the appraisement in accordance with the provisions of the act of April 9, 1849, made and filed December 15, 1893.

The court in an opinion by ERMENTROUT, P. J., dismissed the exceptions and confirmed the appraisement.

*Errors assigned* were, among others, (2) in confirming the appraisement; (3) in dismissing the exceptions, as above, quoting them.

*H. P. Keiser, J. H. Jacobs* with him, for appellant.—Where real estate is levied upon the exemption should be claimed before inquisition: Bowyer's App., 21 Pa. 210; Com. v. Boyd, 56 Pa. 402; Miller's App., 16 Pa. 300; Weaver's App., 18 Pa. 307; Brant's App., 20 Pa. 141.

*Ermentrout & Ruhl,* for appellee, were not heard, but in their printed brief said: The debtor's exemption allowed by the act of 1849, is favored in the law and is always allowed by the courts, unless the claimant has been so neglectful in asserting his claim that creditors are prejudiced thereby: Hallman v. Hallman, 124 Pa. 357; Shelly's App., 36 Pa. 380.

There must be a demand or notice; but any words which are sufficient to apprise the officer that the statutory exemption is the thing claimed, are sufficient.: Diehl v. Holden, 39 Pa. 217; Keller v. Bricker, 64 Pa. 379; Bowman v. Smiley, 31 Pa. 225.

The demand made on November 11, 1893, was in time: Com. v. Boyd, 56 Pa. 402; Yost v. Heffner, 69 Pa. 68; Cornman's App., 90 Pa. 254; Williamson v. Krumbhaar, 132 Pa. 455; Seibert's App., 73 Pa. 359.

PER CURIAM, March 18, 1895:

This case was rightly decided in the court below. A claim for the benefit of the exemption law need not be in writing: Keller v. Bricker, 64 Pa. 379. It may be made within a reasonable time after the defendant has notice of the writ provided it does not delay the sale of the goods or the land levied on.

The judgment is affirmed.