# J. B. Moore v. Margaret McMorrow, Appellant.

*Execution—Debtors—Exemption—Laches.*

A claim for the debtors' exemption must not be unnecessarily delayed until costs have been incurred which otherwise might have been readily avoided.

What is reasonable time within which the debtor must exercise this right depends upon the circumstances of each particular case.

A claim is too late under the following circumstances: A transcript was filed in the common pleas and an execution issued to November term, 1895, which was returned nulla bona. An alias execution was issued on December 10, 1895, to February term, 1896, upon which an inquisition was held on March 12, of which defendant had personal notice on March 5. A vend. ex. issued April 13, 1896, after which date,—but whether before or after the land was advertised for sale does not appear —the defendant gave the sheriff notice that she claimed the benefit of the $300 exemption law and demanded an appraisement.

Argued April 27, 1897. Appeal, No. 136, April Term, 1897, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1895, No. 191, dismissing exceptions to sheriff's return. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed. BEAVER, J., dissents.

Exceptions to sheriff's special return to vend. ex. sur judgment for $123.63. Before KENNEDY, P. J.

The sheriff, having made a special return showing sale of defendant's property on a vend. ex. for the sum of $171 and the payment of $50.00 in cash by the purchaser, which was appropriated to costs on the writ, and receipt on judgment of plaintiff for the amount of the balance of his debt, the defendant filed the following exceptions:

1. The sheriff erred in appropriating any part of the proceeds of sale to costs on above writ. [1]

2. The sheriff erred in distributing any part of the proceeds of sale to plaintiff on his judgment, No. 191, November term, 1890, or any other judgment. [2]

3. The sheriff erred in not distributing and appropriating the entire proceeds of sale to the defendant, as claimed and demanded by her in her written notice to him of her claim of the benefits of the three hundred dollar exemption law, which notice is attached to the sheriff's return and was served upon him immediately after the above writ was issued and before the sale was advertised. [3]

4. The sheriff further erred in distributing any portion of the proceeds of sale to plaintiff on judgment No. 191, November term, 1890, there being no such judgment on record in favor of plaintiff against defendant.

Other facts appear in the opinion of the court.

The exceptions filed by the defendant were dismissed by the court after argument whereupon defendant appeals.

*Errors assigned* were (1–3) dismissing plaintiff's exceptions, reciting same.

*J. K. P. Duff*, for appellant.—The sole question in this case is whether the notice to the sheriff was given in time. The record shows a notice was given, but the sheriff, in clear neglect of the duties of his office, failed to indorse on the notice the time of its reception by him.

The latest cases passed on by the Supreme Court in construing the Act of April 9, 1849, P. L. 533, seem to indicate clearly that the notice of the claim for exemption made in this case was given in ample time: Hart v. Hart, 167 Pa. 13; Williamson v. Krumbhaar, 132 Pa. 455.

In Snyder v. Schmick, 166 Pa. 429, it was held that even

after advertisement of the real estate a claim for benefit of the exemption was not too late if no delay of sale would take place or costs accrued that might have been avoided by an earlier presentation of the claim.

*George H. Quaill*, for appellee.—In the present case the sheriff's return shows, that defendant was notified on March 5, 1896, that an inquisition was to be held on March 12, 1896, at 10 o'clock, A. M. This certainly was sufficient time for defendant to make up her mind whether or not she intended to claim her exemption ; not having made her claim in this time, the sheriff made return to his inquisition, and plaintiff went to the expense of issuing a vend. ex. and incurred costs thereon. After all this the claim was made. " In order to entitle a debtor to his $300 of exemption out of real estate, he should give notice of his claim before inquisition : " Brant's Appeal, 20 Pa. 141 ; Bowyer's Appeal, 21 Pa. 210.

None of the later decisions referred to by appellant overrule these decisions, and they all are cases where the inquisition was waived, consequently there could have been no claim before inquisition.

OPINION BY RICE, P. J., October 18, 1897 :

In May, 1895, judgment was entered against the defendant before a justice of the peace, upon which an execution was issued, which was returned "no goods." A transcript was filed in the common pleas and an execution issued to November term, 1895, which was returned nulla bona. An alias execution issued on December 10, 1895, to February term, 1896, upon which an inquisition was held on March 12, of which the defendant had personal notice on March 5. A vend. ex. issued on April 13, 1896, after which date,—but whether before or after the land was advertised for sale does not appear—the defendant gave the sheriff notice that she claimed the benefit of the $300 exemption law and demanded an appraisement. Notwithstanding her claim, the sheriff sold the property for $171, and made a special return under the act of 1846 that the purchaser had paid $50 in cash, which was appropriated to the costs of the writ, and had given a receipt upon his judgment for the amount of the balance of his bid.

The question raised in the court below by the exceptions to the return, and in this court by the assignments of error, is whether the defendant was entitled to have the proceeds of the sale set apart to her under her exemption claim.

The act of 1849 instead of exempting certain specific property from sale exempts such as the debtor claims to have exempted to the value of $300. It gives to the debtor a right to be exercised within a reasonable time. Failure to exercise the right within a reasonable time after notice of the execution is deemed a waiver of it, and properly so. What is a reasonable time within which the debtor must exercise this right depends upon the circumstances of each particular case. No fixed and unvarying rule can be laid down, that it must be before inquisition or before advertisement of the property for sale; such a rule would be convenient because it would be easy of application, but it would have no other merit. For there may be a waiver of inquisition in the warrant of attorney confessing judgment, and in such case there may be an immediate advertisement upon the issuance of the writ. But where the defendant has ample notice of the inquisition, and lies by and allows the property to be condemned, and a return of the writ to be made may not the execution creditor fairly and reasonably infer that he does not intend to assert his right to the exemption? Undoubtedly he may. And if, acting upon this reasonable supposition, induced by the defendant's silence, he goes on and makes further costs in the collection of his just debt it would be manifestly unjust to say that the negligent debtor may stay the proceedings and cast the burden of the costs, thus incurred, whether heavy or light, upon the plaintiff who is in no fault. If there were any equitable method by which the creditor could be protected against this loss and injury induced by the debtor's laches, as for example by tender and payment of the costs, there would be some plausibility in the claim that there was not an absolute forfeiture of the debtor's statutory right by his delay. But unfortunately for the defendant in the present case no such method is recognized by the decisions; and, even if, notwithstanding the construction which has heretofore been given to the act of 1849 we were to recognize it as at all practicable or allowable under special circumstances, it could not be recognized here because the defendant did nothing, and offered to do noth-

ing, which would protect the plaintiff against the loss he would sustain if her claim had been allowed—a loss too which would have been avoided if she had been reasonably diligent in exercising her right. Therefore the court below was quite right in holding that her claim came too late, and that the sheriff was not bound to suspend, and would not have been justified in suspending the execution of his writ. The ruling is sustained by a long line of decisions, which it is unnecessary to cite, and is not in conflict with any of the late decisions cited by the defendant's counsel. In Williamson v. Krumbhaar, 132 Pa. 455, the levy was upon personal property, and the exemption was claimed before a day of sale had been fixed, advertisements posted, or other expense incurred in executing the writ. In Snyder v. Schmick, 166 Pa. 429, there was a waiver of inquisition and the exemption was claimed within ten days after the writ issued. In Hart v. Hart, 167 Pa. 13, the demand was made a few minutes after the land was condemned and before the writ was returned. There was not as here, a delay of more than a month after the inquisition and until after the plaintiff had incurred the costs of a vend. ex. None of these cases disturb the well settled rule that the claim "must not be unnecessarily delayed until costs have been incurred which otherwise might have been readily avoided."

The order is affirmed and appeal dismissed at the costs of the appellant.

BEAVER, J., dissents.