# Lancaster Trust Co.'s use *v.* John E. Gouchenauer, Appellant.

*Execution—Debtor's exemption—Laches.*

The claim for the debtor's exemption must not be unnecessarily delayed until costs have been incurred which otherwise readily might have been avoided. Moore v. McMorrow, 5 Pa. Superior Ct. 559, followed.

A claim on the proceeds of land sold under a vend. ex., made after the sheriff's sale, is too late when the land had been levied on and condemned under the fi. fa. the year previous and when the sale took place two years after an assignment for the benefit of creditors, the assignor in the meantime having taken no steps to have his exemption set aside out of the real estate by the assignee.

Argued Nov. 10, 1897. Appeal, No. 17, Oct. T., 1897, by defendant, from decree of C. P. Lancaster Co., May T., 1895, No. 11, refusing exemption in execution on judgment. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

210   LANCASTER TRUST CO. *v.* GOUCHENAUER.

Statement of Facts—Opinion of the Court. [6 Pa. Superior Ct.

Rule to show cause why the sheriff should not pay to John E. Gouchenauer $300, which he claimed to be due him under the exemption act of April 9, 1849. Before BRUBAKER, J.

It appears from the record that John E. Gouchenauer made an assignment for the benefit of creditors. At the time the assignee made his appraisement, Gouchenauer said to him that he wanted none of the personal property and he then made no claim to have any real estate appraised to him under the deed of assignment, but he subsequently said to the assignee that he wanted $300 out of the real estate.

The appraisement of the assignor's property amounted to $779.25 of which $537.50 was real estate, and $241.75 personal property. The assignee made public sale of the personal property, and sold the same for $207.67, of which amount John E. Gouchenauer became purchaser to the amount of $68.60, with the understanding that when the assignor received his $300 exemption he would pay the assignee for the goods purchased by him, the assignor, at the public sale. No other or further claim was ever made by the assignor from the assignee. The real estate was subsequently sold by plaintiff under a judgment ante-dating the assignment, and the proceeds amounted to about $278. After the vend. ex. had issued, and some two years from the time of the assignment, the defendant claimed from the sheriff the $300 debtor's exemption.

The court discharged the rule. Defendant appealed.

*Error assigned* was discharging rule.

*Charles I. Landis*, for appellant.

*W. U. Hensel*, with him *J. Hay Brown*, for appellee.—It has been expressly decided that, where an assignor who reserves the $300 worth of property does not promptly make his election and have his appraisement, he loses the benefit of it: Weaver's Appeal, 18 Pa. 307; Bowyer's Appeal, 21 Pa. 210; Neff's Appeal, 21 Pa. 243; Davis' Appeal, 34 Pa. 256; Shaeffer's Appeal, 101 Pa. 49.

PER CURIAM, December 13, 1897:

The appellant's contention is, that the real estate having passed out of the hands of the assignee into the control and

custody of the sheriff, and the sheriff having sold it, the position of the parties was as if no assignment had been made, and the failure of the defendant to claim the $300 exemption at the time of the appraisement of the assigned estate was not a factor in the case.   It seems unnecessary to discuss this proposition; for, even if it were to be conceded, the defendant would be left in no better position.   The fi. fa. issued on December 12, 1895, and the land was condemned.   It was not until after the vend. ex. had issued, a year later, that the claim was made.   These facts bring the case within the well settled rule that the claim must not be unnecessarily delayed until costs have been incurred which otherwise might have been readily avoided.   The case cannot be distinguished from Moore v. McMorrow, 5 Pa. Superior Ct. 559.

Order affirmed and appeal dismissed at the cost of the appellant.