## Bixler *v.* Kennedy, Appellant.

*Debtor's exemption—Attachment execution — Fraud — Sale of goods in bulk.*

Where a debtor sells his goods in bulk and gives to the purchaser a list of his creditors with their addresses, the fact that the purchaser does not give notice to the creditors, will not defeat the right of the debtor to claim an exemption of three hundred dollars out of his share of the proceeds of the sale attached in the hands of a third person.

The acts which will deprive a debtor of his exemption must be such acts of dishonesty which show an intention to cheat, defraud or embarrass creditors or involving moral turpitude; they must be the acts of the debtor or those for which he is responsible and not the acts of others over whom he has no control. The law does not contemplate a constructive fraud which may arise through the neglect of another as being sufficient to prevent a debtor from obtaining his exemption.

Argued March 7, 1916. Appeal, No. 37, March T., 1916, by defendant, from order of C. P. Luzerne Co., Jan. T., 1915, No. 237, discharging rule to set aside claim for exemption in case of Miles F. Bixler Co. v. F. P. Kennedy, Defendant, W. L. Pace and First National Bank of Pittston, Garnishee. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

42     BIXLER *v.* KENNEDY, Appellant.

Statement of Facts—Assignment of Error. [64 Pa. Superior Ct.

Rule to set aside claim for exemption.  Before WOODWARD, J.

From the record it appeared that November 13, 1912, the plaintiff sold to the defendant, F. P. Kennedy, a lot of jewelry and a show case, which was shipped by express to the defendant from Cleveland, Ohio; on November 22, 1912, received by the defendant and a payment made by him on account.

Subsequently the defendant sold his entire stock of goods in bulk to Jacob Wolf.  No notice of the sale was given to the plaintiff, as required by the Act of March 28, 1905, P. L. 62, 5 P. D. 5991.  Defendant gave a list of his creditors and their addresses to Wolf.

The moneys derived from the sale of the defendant's goods to Wolf were placed in the hands of W. L. Pace, as garnishee, who distributed a portion of the moneys received to various creditors of the defendant.

The plaintiff, Miles F. Bixler Company, not having been paid a balance of their bill, brought suit against the defendant in the Court of Common Pleas of Luzerne County to No. 113, October Term, 1913, and recovered a judgment for $99, with interest and costs.

On this judgment an attachment execution was issued on the 12th day of December, 1914, and the balance of the moneys remaining in the hands of W. L. Pace was attached, he was summoned as garnishee, and to the interrogatories served upon him he answered that there was still in his hands as attorney and agent for the defendant, F. P. Kennedy, a balance of $213.61, to protect which, defendant, Kennedy, claimed the benefit of the provisions of the act of assembly exempting property to the value of three hundred dollars from levy and sale on execution or distress for rent.

The court discharged the rule for exemption.

*Error assigned* was the order of the court.

*W. L. Pace,* for appellant.—Defendant submits that it

was not the duty of the defendant, the seller, under said act to send said notice, and furthermore that no proof or evidence whatever appears in the case in support of plaintiff's allegation of "fraud" on the part of defendant, that the latter or the purchaser, Jacob Wolf, did not perform the duties imposed upon them by the act aforesaid, in connection with said sale; plaintiff's efforts having been confined to an attempt to show that it received no notice from purchaser.

*Joseph F. Cohan,* for appellee, cited: Jones v. Lewis, 148 Pa. 234; Wilson v. Edwards, 32 Pa. Superior Ct. 295.

OPINION BY KEPHART, J., July 18, 1916:

A debtor will be refused the right to claim the exemption of $300.00 provided by law where he denies the ownership of that which he cannot hide, or embarrasses the officer of the law in the execution of his legal duty, or attempts to conceal or fraudulently sell his property so that it may be taken out of the reach of creditors: Gilleland v. Rhoads, 34 Pa. 187; Kreider's Est., 135 Pa. 578; Riley v. Ogden, 185 Pa. 506; Emerson v. Smith, 51 Pa. 90. The rule is founded in sound morality and "is agreeable to the spirit and intention of the exemption law. It was an enactment for the honest poor, not for the roguish: Strouse's Executor v. Becker, 38 Pa. 190. The exemption may be claimed in an attachment execution: Strouse's Executor v. Becker, 44 Pa. 206. Fraud is not a bar to the claim for exemption where it is independent of the transaction in which the levy was made, but where it exists in the very transaction it is a positive bar and is not to be used merely in mitigation of damages: Emerson v. Smith, supra. The court below held: "The sale by the defendant of his goods in bulk without notice to the plaintiff who was a creditor at the time of the sale, was fraudulent as against the plaintiff by the Act of March 28, 1905." The acts which will de-

prive a debtor of his exemption must be such acts of dishonesty as show an intention to cheat, defraud or embarrass creditors or involving moral turpitude; they must be the acts of the debtor or those for which he is responsible and not the acts of others over whom he has no control. The law does not contemplate a constructive fraud which may arise through the neglect of another as being sufficient to prevent a debtor from obtaining his exemption. In this case the defendant did all he was required to do under the Act of 1905. He gave to the purchaser a list of his creditors with their addresses. It then became the duty of the purchaser to send out the notice required by the act. If he neglected to perform his duty, or inadvertently omitted notice to one person, the penalty imposed on the purchaser for this failure, was that the goods within ninety days could be seized for the debt. The right to have the goods applied to his debt is the protection given the creditor by that act. The sale of goods in bulk is not inherently fraudulent; it only becomes so for certain purposes through this act. The purposes are there defined. It was through the medium of this constructive fraud that this court held that goods sold in violation of the Act of 1905 could be reached through a fraudulent debtor's attachment. The court below was in error in holding that the failure of the purchaser to give notice to the creditors was such fraud as would prevent the vendor from claiming his exemption.

The judgment is reversed.