## Cross Bros. v. Abrams

*Howard Lewis Fussell*, for plaintiff.

*Joseph A. Rainville, Jr.*, and *E. LeRoy VanRoden*, for defendant.

MacDade, J., June 26, 1933.—By an opinion filed by our brother (Fronefield, P. J.) on February 24, 1933, the defendant's claim for exemption was refused, the appraisement set aside, and the sheriff directed to proceed with a sale of the goods levied upon.

Theretofore, the defendant's wife had filed a property bond, but she failed to pursue the same to a legal determination.

It would appear that judgment in the above case was entered on March 15, 1930, for $443.58, for failure to file an affidavit of defense. Execution issued

on June 9, 1930, and, on June 18, 1930, goods were actually levied upon, such as wicker suite, victrola, parlor suite, dining room suite, kitchen set, electric lamps, bedroom suite, large rugs, small rugs, dishes, and cooking utensils. On June 27, 1930, the wife of the defendant claimed the said goods, and a rule for a sheriff's interpleader therefor was made absolute on July 3, 1930. On July 10, 1930, an appraisement was made and was filed.

The claimant (wife) failed to file her bond and statement of claim, whereupon on January 30, 1931, the plaintiff in the execution presented his petition praying for a decree directing the sheriff to proceed with the sale, which prayer was granted by the court on the same day. The exemption claimed by defendant was filed some 6 months and upward later; hence the decree refusing the exemption, under the authority of Strouse's Exec. v. Becker, 38 Pa. 190, where it was decided, in a case where the defendant stated to the sheriff that his wife owned the goods levied upon and later claimed an exemption, that he was not entitled to the benefits of the exemption laws.

Indeed, such laws are for the honest poor, not for the roguish: Holmes v. Donovan, 21 Pa. C. C. 605; Frank v. Kurtz et al., 4 Pa. Superior Ct. 233; Freeman v. Smith, 30 Pa. 264; Emerson v. Smith, 51 Pa. 90; Imhoff's Appeal, 119 Pa. 350; Gilleland et al. v. Rhoads, 34 Pa. 187; Dieffenderfer v. Fisher, 3 Grant 30.

In the latter case, it was also held that a defendant (as herein) waives his right to exemption if he delays claiming it until his creditor proceeds with his writ, with the consequent expenditure of money: Bair v. Steinman, 52 Pa. 423; Williamson v. Krumbhaar, 132 Pa. 455; Moore v. McMorrow, 5 Pa. Superior Ct. 559.

Therefore, this brings us to the immediate question for decision, in view of the bankruptcy of this defendant, whether this judgment so well sustained thus far is to fall and prove to be uncollectible by the application of legal principles to the proven facts of the case.

On March 21, 1931, the defendant filed his voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Pennsylvania as of cause no. 14,141, but, dehors the record, did not include the personal property levied upon in his schedule of assets but did include the plaintiff's judgment aforesaid in the schedule of liabilities. On October 21, 1932, the defendant was duly discharged from all debts and claims which are provable by the acts of Congress relating to bankruptcy and which existed on March 21, 1931.

It is the contention of the defendant that such judgment was a provable debt on March 21, 1931, and was discharged under the acts of Congress relating to bankruptcy and that the said judgment should be marked discharged and execution issued thereon perpetually stayed. Should the sheriff be restrained from proceeding on the execution as directed heretofore, and the judgment discharged (not satisfied)?

By section 17 of the Bankruptcy Act, all provable debts, duly scheduled in time and allowance, are, with certain definite exceptions, discharged and the bankrupt is released therefrom by a discharge in bankruptcy.

We said in Trestrail v. Media-69th Street Trust Co., 23 Del. Co. 272: "The general proposition is: 'A discharge in bankruptcy releases the bankrupt from liability on a judgment not based on fraud or wilful and malicious injuries to person or property, and the bankrupt has an absolute right to have execution perpetually stayed . . .' 7 C. J. 398, 402."

The plaintiff combats this by citing as contrary authority the case of The Realty Co. v. Gioshio, 59 Pitts. 634, 27 Am. Bank. Rep. 58, which was decided

by the Court of Common Pleas of Allegheny County in 1911, so the attorney for plaintiff informs, but this is not informative.

That case appertains to a judgment entered against a defendant on a warrant of attorney containing a waiver of exemption, subsequent to the date the defendant went into bankruptcy. The property set apart in the bankruptcy proceedings as the bankrupt's exemption was levied upon. When the defendant obtained his discharge in bankruptcy, he endeavored by legal proceedings to have the execution set aside as against the exempt property. The rule was discharged and properly so.

We understand it to be admitted by the defendant that the property levied upon might have been sold before his discharge, but his contention is that the discharge, having released him from the debt secured by the judgment, has the effect of destroying the lien which the plaintiff had on the property by virtue of his execution. We understand the rule to be that a discharge in bankruptcy takes away all personal liability but does not affect liens against the particular property acquired before the discharge, and that they may still be enforced by appropriate proceedings. This was held by the Common Pleas of Venango County in the case of Gilmore & Co. v. Smith, 15 Dist. R. 347.

It is undoubtedly the law, as cited in the Gilmore case, supra, that the right of a creditor having a claim against a bankrupt, in which the bankrupt has waived the benefit of exemption laws, to proceed and sell exempt property set aside to the bankrupt any time before the final discharge of the debtor in bankruptcy is well settled: Lockwood v. Exchange Bank, 190 U. S. 294; Sharp v. Woolslare, 25 Pa. Superior Ct. 251; Gilmer's Estate v. DeCaro, 13 Dist. R. 173; Wagenseller v. Gemberling, 13 Dist. R. 716. Can he proceed and sell the exempt property after final discharge if, by means of an execution in the sheriff's hands, he obtains a levy and control of the same before final discharge? A levy upon an execution is, in law, a seizure and appropriation of the debtor's property to the payment of the debt for which the seizure is made. The appropriation is not finally consummated until a sale has been made, but the sale is simply for the purpose of determining the amount of the credit. Until a sale, the property remains in the hands or custody of the officer as a pledge to secure and enforce the payment of the debt, with like effect, so far as security is concerned, as if the same had been delivered by the debtor to the creditor, and it has never been held that property so pledged is lost to the creditor by a discharge of the debtor in bankruptcy. Proceedings by fi. fa. and attachment execution are similar in character. Both are executions, but one is designed to reach tangible property of the debtor, while the other is intended to reach choses in action or like property due to the debtor. The effect of a levy upon property is the same as an attachment of choses in action of the debtor, and the subsequent proceedings in each are for the purpose of determining the amount of the credit. In the case of Sharp v. Woolslare, 25 Pa. Superior Ct. 251, it is definitely determined that an attachment execution will hold exempt property to the amount of $300 as against a trustee in bankruptcy, and there appears to be no reason why a levy upon execution will not likewise do so.

However, the instant case must be distinguished from the facts in the above case because herein the personal property seized was not "exempt" property. It was "other" property seized. It comes within the ruling of The Realty Co. v. Gioshio, supra, where it is said: "As we understand it, the only property which the plaintiff claims any right to proceed against is property which was set aside to the bankrupt as exempt, and levied upon by him before the discharge, and that no other property is levied upon. The rule is therefore discharged."

It will be noted that the defendant has not waived any exemption, and there is no proof before us that any exemption was set aside to him in the bankruptcy proceedings. The record herein is very barren indeed. The trustee in bankruptcy makes no effort to acquire the property levied upon notwithstanding it was not scheduled. It may be that he believed the property rightly belonged to the wife, but her right to assert it had failed in the State court because she failed to pursue her legal remedy when she filed a property claim therein. However, there is no fraud intended to be perpetrated.

Therefore we are at the point of deciding whether, under all the circumstances, the execution should be restrained perpetually, inasmuch as it was a provable debt and loses its efficacy when the defendant was discharged in bankruptcy.

In the case before this court for consideration, the petition alleges that the claim is a provable one and was discharged by the discharge in bankruptcy. The legal liability of the defendant was therefore extinguished. In the case of Claster, to use, v. Krauss Brothers, 17 D. & C. 483, the court held: "In Nalbach v. Nalbach, 20 Luz. L. R. 466, it was held . . . :

" 'Where a judgment is automatically discharged by defendant's discharge in bankruptcy, said judgment will not be marked satisfied. It still remains a moral obligation which would be sufficient consideration for a new promise to pay.' " In that case Judge Strauss held that a rule to show cause why judgment should not be satisfied should be modified to a rule to show cause why the judgment should not be discharged in consequence of discharge in bankruptcy, and as thus modified the rule was made absolute.

And, now, June 26, 1933, the matter of the petition of the defendant to discharge the judgment of the plaintiff and rule thereon, together with answer thereto, oral arguments, and briefs, coming on to be heard by the court in banc, after due consideration thereof, the court doth order and decree that the rule of defendant to show cause why the judgment of the plaintiff in the above-entitled case should not be marked discharged and the execution issued thereon perpetually stayed be and is hereby made absolute.

From William R. Toal, Media, Pa.