## Luxton v. Warren

*Robert Trucksess*, for plaintiff.
*Monroe H. Anders*, for defendant.

DANNEHOWER, J., April 9, 1936.—The plaintiff has filed this action in trespass to recover $300 damages, alleging that the plaintiff and Vincent Bonaventura entered into a verbal lease for an apartment in Ardmore, Pa.; that on August 16, 1934, the defendant, a deputy constable, served a landlord's warrant on the plaintiff, who was in arrears in the payment of rent, and notified him that he had levied upon all goods on the premises, listing them. Immediately the plaintiff, tenant, served a written notice upon the defendant that he was claiming his $300 exemption, and "to appraise and set apart to me from the

above named articles goods and chattels to the appraised value of $300"; that notwithstanding said written notice and repeated oral demands, the defendant has neglected and refused to appraise, set apart and deliver said goods and chattels to the appraised value of $300, wherefore the plaintiff seeks damages in the sum of $300.

The defendant's affidavit of defense in lieu of demurrer alleges that the statement of claim is insufficient because:

1. The statement of claim fails to aver that the plaintiff requested the appointment of appraisers;

2. The plaintiff did not select or point out the property to be appraised and set apart for him;

3. The plaintiff did not tender the costs of obtaining three appraisers;

4. The plaintiff has not alleged any sale of the goods, and his remedy is in replevin;

5. The plaintiff has not averred that the goods were worth $300, nor that he suffered any loss.

The Act of April 9, 1849, P. L. 533, sec. 1, provides that property to the value of $300, exclusive of wearing apparel of the defendant and his family, shall be exempt from levy and sale on execution or by distress for rent. Section 2 provides as follows:

"That the sheriff, constable, or other officer charged with the execution . . . for the levying upon and selling the property . . . of any debtor, shall, if requested by the debtor, summon three disinterested and competent persons, who shall be sworn or affirmed, to appraise the property which the said debtor may elect to retain . . . for which service the said appraisers shall be entitled to receive fifty cents each, to be charged as part of the costs of the proceedings".

The first reason assigned by the defendant is without merit, because Exhibit B, which is attached and made part of the statement of claim, is a notice to the deputy constable "to appraise and set apart to me goods". Under the act this is a sufficient request and notice by the debtor. The law prescribes no form for making an election; it is

enough if made in such a way that the officer ought to understand. The election need not follow the precise language of the act nor be in writing: Bowman v. Smiley, 31 Pa. 225.

The second reason is equally without merit, because the notice clearly means that the plaintiff desires all the goods if appraised under $300, and, if over, he had the right to be notified and make his selection after appraisement.

The third reason is without foundation because the act clearly states that the cost of the appraisers' services shall be charged as part of the costs of the proceedings. To require the debtor to pay the appraisers in advance would in most cases result in a palpable evasion of the humane provisions of this act of assembly and deprive the debtor of the right which the law gives him.

The fourth reason assigned, that only a levy and no sale was made and that the plaintiff has his remedy in replevin, is also without merit. In the present case the levy was made on August 16, 1934, and suit was filed on December 31, 1935. For over a year and a half the deputy constable has either neglected or refused to appraise the goods levied upon. Surely the law requires such officer to appraise the goods within a reasonable time. This he failed to do, according to the statement of claim, and he became a trespasser ab initio and liable to the debtor in an action in trespass: Freeman v. Smith, 30 Pa. 264. It is not disclosed by the pleadings whether the deputy constable has ever sold the goods, but he has refused to deliver any part of them to the debtor. When the demand for an appraisement is properly and timely made, the granting of it is a matter of right and not discretionary with the officer. Such exemption is for the benefit of the debtor and his family. Furthermore, a debtor cannot by mandamus compel an appraisement: Commonwealth, ex rel., v. Huttel, Constable, 4 Pa. Superior Ct. 95.

Concerning the fifth reason assigned, the statement of claim simply asks for $300 damages. The statement fails

to allege wherein the trespass damaged him. It might very well be that all the goods levied upon were worth only $50, and plaintiff should therefore show wherein and how he suffered such loss. At the oral argument counsel for the plaintiff desired an opportunity to amend his statement of claim as to the averment of damages, and to state the value of the goods levied upon.

And now, April 9, 1936, for the foregoing reasons, the questions of law raised by defendant's affidavit of defense are decided in favor of the plaintiff, who is granted leave to amend his statement of claim, as his counsel requested.