## McAfoose's Appeal.

The claim for the benefit of the exemption law of the 9th April 1849, must be, generally, made in the case which is the instrument of effecting the sale.

But, where a debtor, on a *fi. fa.* levied on his real estate, claimed the benefit of the exemption law, which was allowed, and the land appraised and sold under a *vend. exp.;* and, on the sale having been set aside, an *alias fi. fa.* was levied on the same land, and it was subsequently sold by the sheriff; it was *held,* that the defendant was entitled to $300 out of the proceeds of sale, as against the plaintiff in the execution.

An *alias fi. fa.,* in such case, though irregular, is not an independent writ; it is, in substance, though not in form, a continuance of the original execution.

As between two judgments entered on the same day, one of them on a debt contracted before the passage of the Act of 1849, and the other containing a waiver of the benefit of the exemption law, the proceeds of the defendant's real estate are to be distributed *pro rata.*

APPEAL from the Common Pleas of *Armstrong county.*

This was an appeal by Jacob McAfoose, Jr., and O. & H. J.

Arnold, from the decree of the court below, distributing the proceeds of the real estate of the said Jacob McAfoose, Jr.

On the 21st August 1856, Sarah Kenly obtained a judgment against Jacob McAfoose, Jr., for $71.50 and costs; on this judgment a *fi. fa.* was issued and levied on the defendants' real estate; the defendant, thereupon, claimed the benefit of the exemption law of 9th April 1849, and appraisers having been summoned, the defendant's interest in the land was valued at $408.59, subject to a right of dower.

A *vend. ex.* was then issued; and the defendant's interest in the premises was sold by the sheriff for $195. This sale was set aside by the court, on exceptions by the defendant. An *alias fi. fa.* was then issued and levied on the same land, under which it was condemned, and subsequently sold under a *vend. ex.* for $300; and the proceeds were in court for distribution.

On the 22d August 1856, the day following the entry of Sarah Kenly's judgment, two other judgments were entered against McAfoose; one of them in favour of A. & H. J. Arnold for $391.21, on a note, with warrant of attorney to confess judgment, wherein the defendant waived the benefit of the exemption law of 1849; and the other, in favour of P. Mechling, for $44.99, on a note dated the 21st February 1849.

The fund in court was claimed by the defendant, under the exemption law, and by the judgment-creditors under their respective judgments. And the court, being of opinion that the defendant, in consequence of having made no claim under the *alias fi. fa.* was not entitled to the benefit of the exemption law, as against the execution-creditor, awarded the fund, first, to the payment of Sarah Kenly's judgment in full; and the balance to be divided *pro rata* between the judgments of Arnolds and Mechling.

From this decree the present appeal was taken.

*Mechlin & Boggs,* for the appellants.

*Golden & Fulton,* for the appellee.

The judgment of the court was delivered by

STRONG, J.—The first question in this case is whether, as against Sarah Kenly, the creditor, under whose execution the property was sold, McAfoose, the debtor, is entitled to take out of court three hundred dollars, in pursuance of the Act of April 9th 1849. The right of a debtor to the exemption of his property from levy and sale, or, in case of land, his right to demand any portion of the proceeds of sale, as against lien-creditors, exists only *sub modo.* To entitle himself to it, he must demand of the officer charged with the execution of any warrant against his property, an appraisement; and he must make the demand in such season

that proceedings under the warrant shall not be delayed. When he has made the demand, the law imposes certain duties upon the officer, which having been performed, the debtor's right to the exemption is complete. Or, if the levy be upon real estate, and the appointed appraisers report that it cannot be divided so as to set apart the exempted proportion, and it is consequently sold, his right to claim an equivalent out of the proceeds of sale is perfect.

In the present case a *fi. fa.* had issued against the defendant at the suit of Sarah Kenly. It was levied upon his land, and he then demanded his statutory privilege. An inquisition was made and returned with the writ. It was indeed informal, but the debtor did all that the statute required. A *vend. ex.* then issued, and the land was sold. This sale was, however, set aside by the court, together with the *vend. ex.* and all subsequent proceedings, but neither the *fi. fa.* nor the appraisement were disturbed. They remained in full life, record evidence of the vested right of Mc-Afoose to the statutory exemption. Without proceeding further under this writ directly, the plaintiff issued an *alias fi. fa.* upon the same judgment, caused it to be levied upon the same land, obtained a condemnation, and sold it under a *vend. ex.* issued thereon. The proceeds of this sale are now in court for distribution. No new demand of an exemption was made under the *alias fi. fa.* Has the debtor lost the right to claim the $300 out of the proceeds of the sheriff's sale?

It is undoubted law, that the demand must be made in the case which is the instrument of effecting the sale. It is of no consequence who are the creditors, nor whether they have notice of the debtor's claim or not. His privilege is *in rem* to the property levied upon, and it is only secured by demanding an appraisement of the officer who holds the warrant that becomes the foundation of the sale. Strictly speaking, the *alias fi. fa.*, and not the *fi. fa.*, was the foundation of the sale in this case. But the *alias fi. fa.* was wholly irregular, and would have been set aside on motion. The plaintiff should have proceeded under her first writ. Yet, though irregular, it was not independent. It was, in substance, a continuance of the first writ. Having been an *alias*, it was necessarily grounded upon the original, and should have recited it: *Tidd's Prac.* 934. Had it been levied upon other property than that upon which the *fi. fa.* was levied, it might have amounted to an abandonment of the first levy, but it was not. The levy under both writs was the same. In Miller *v.* Milford, 2 *S. & R.* 35, there had been a *fi. fa.* levied upon land which was extended. The inquisition and extent were afterwards set aside, but the levy remained as in this case. An *alias fi. fa.* was then issued and levied upon the same land. Chief Justice TILGHMAN, in speaking of it, said that though the plaintiff had in form relinquished the

first execution, yet he had adhered to it in substance, because he had laid the second on the same land. In some of our sister states, it is held, that an *alias* execution operates to continue the lien of the original levy : Brasfield *v.* Whitaker, 4 *Hawks* 309; 2 *Munf.* 253; 2 *Dev.* 354. However this may be, it cannot be doubted, that Sarah Kenly's *alias fi. fa.*, levied as it was, was but supplementary to the *fi. fa.*, and, therefore, the demand of appraisement on the *fi. fa.* was a sufficient compliance by McAfoose with the conditions of the Act of 1849. It follows, that she has no claim upon the fund in court, as against him, and as the proceeds of sale do not exceed $300, she is out of the list of legitimate distributees.

The litigants are thus reduced to the debtor, to the Messrs. Arnold, and to Mechling, both the latter being judgment-creditors, their judgments having been entered upon the same day, and being liens upon the land sold. In favour of the Arnolds, the debtor had waived the privilege of the exemption law ; and the debt due to Mechling had been contracted before the passage of the Act of 1849. Neither of these creditors are affected by the Act, and their rights are superior to that of the debtor ; consequently, the fund in court belongs to them.

> The decree of the Court of Common Pleas is reversed, and it is ordered that the money in court be distributed *pro rata* between the judgments of A. & H. J. Arnold and P. Mechling, the costs having first been paid out of the fund.