## Joseph S. Harris, Edward M. Paxson and John Lowber Welsh, Receivers of the Philadelphia and Reading Coal & Iron Company, v. W. Durell Shuster, Appellant.

*Res judicata—Execution—Rule to set aside exemption—Alias writs of fi. fa.*

A rule to set aside a claim to exemption, made as to an interest in a limited partnership, was made absolute. The writ under which the levy was made was subsequently stayed, a new writ issued, the same claim made and allowed by the sheriff, and on a new rule set aside by the court, defendant appealed from the order of the court making absolute the second rule. *Held*, that the action of the court on the second rule must be affirmed, all conditions being present which made the matter res judicata. The second writ was a continuation of or supplement to the first writ. *Query* as to the conclusion, had the appeal been to the order on the first rule.

Argued Oct. 16, 1896. Appeal, No. 136, Nov. T., 1896, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1896, No. 973, making absolute rule disallowing exemption. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit for coal sold and delivered.

On May 9, 1896, the plaintiffs obtained judgment against the firm of Rhoads & Shuster. The levy was made under fieri facias on the interest of Shuster in another concern known as Warner, Shuster & Co., Ltd. Shuster claimed the benefit of the exemption law. His claim was allowed by sheriff. The court subsequently made absolute the rule to show cause why the claim should not be disallowed and the appraisement thereof set aside.

Other facts sufficiently appear in the opinion of the Superior Court.

*Error assigned* was in making absolute the above rule.

*Wm. H. Shoemaker*, for appellant.—The judgment in this case was founded on a contract. The claim was made in time. The appraisement was regularly and properly made and no objection was made on any of these grounds. The exemption should have been allowed: Tasker v. Sheldon, 115 Pa. 107 ; Mitchell on Motions and Rules, 51.

Intangible property is within the provisions of the exemption law: Vankirk v. Allen, 1 W. N. C. 231.

In several of the states it has been held that the provision of the exemption law extends to property owned by a debtor as a member of a partnership firm against which the judgment was obtained and the execution issued: Stewart v. Brown, 37 N. Y. 350 ; In re Young, 3 Nat. Bank Reg. 440 ; In re Rupp, 4 Nat. Bank Reg. 95.

The interest levied on in this case and the exemption claimed, is in a limited copartnership association or joint stock company, and is exempt not only under the act of 1849, but also under the act of 1859. The second fi. fa. was not even an alias, as it commanded the levy and sale of something not in the first fi. fa. : Missimer v. Ebersole, 87 Pa. 110. The first fi. fa. having been stayed by the plaintiffs, it became as if nothing had been done under it so far as the defendant's rights were concerned : Missimer v. Ebersole, supra; Bowman v. Tagg, 6 W. N. C. 220.

*John G. Lamb*, for appellees.—The appellees claim that the exemption was properly disallowed upon two grounds. First, it cannot be claimed out of an undivided interest in a partnership : Act of April 9, 1849, P. L. 533; Act of April 8, 1859, P. L. 425.

The person owning property jointly with another cannot claim exemption out of the joint property levied upon : Bonsall v. Comly, 44 Pa. 442. See also Hawley v. Hampton, 160 Pa. 18.

Irrespective of the question as to whether exemption can be allowed out of partnership interest, it was properly refused in

this case because of the fraudulent conduct of Shuster: Emerson v. Smith, 51 Pa. 90 ; Imhoff's Appeal, 119 Pa. 350.

The question as to the power of the court to set aside the appraisement and claim for exemption is too well settled to require argument. The proceedings in this case strictly followed the practice as laid down in Williamson v. Krumbhaar, 132 Pa. 455.

OPINION BY WICKHAM, J., January 18, 1897 :

The plaintiffs obtained judgment against Samuel H. Rhoads and W. Durell Shuster, partners as Rhoads and Shuster. On this judgment they caused to be issued a fieri facias returnable to the first Monday of June, 1896, whereon a levy was made on the interest of Shuster in another concern, known as Warner, Shuster & Co., Limited, a joint stock association or partnership organized under the act of June 2, 1874, P. L. 271, and its supplements.

It is asserted in the appellant's paper-book that the word " Limited " was originally omitted from the precipe and writ and added afterwards, without leave of court. We cannot, however, inquire into this matter, but must take the record as we find it and as it has been certified to us. If the fact is as stated, the court below should have been asked to order the necessary correction, through a proceeding instituted for that purpose : Sheip et al. v. Price et al., ante, p. 1.

Shuster claimed the benefit of the exemption law. His claim was allowed by the sheriff, and his interest in the limited partnership appraised at $50.00. On May 28, 1896, the plaintiffs obtained a rule to show cause why his claim to the exemption should not be disallowed and the appraisement set aside. The grounds alleged were fraud, and also that, in law, he was not entitled to claim out of an undivided interest in a partnership.

After hearing, this rule was made absolute on June 13, 1896. On the 28th of the same month, the defendant obtained a rule, on the plaintiffs, to show cause why the execution should not be set aside. The plaintiffs, on the same day stayed their writ and issued an alias, on which another levy was at once made on the same interest in the limited partnership. The defendant again claimed the benefit of the exemption law, and again it was allowed, the defendant's interest in the limited partnership

being appraised as before, at $50.00. Thereupon the plaintiffs, reciting the former proceedings, took another rule, on the defendant, similar to the first. This appeal was taken from the decision of the court below making the latter rule absolute, and cannot be regarded as presenting anything else for review.

While we might not have been able to agree with the learned judge of the court below, were the case before us, on an appeal from his decision on the first rule obtained by the plaintiffs, we are constrained to say that his second decision, which is the only one appealed from, was the legitimate and necessary consequence of the first. The matter, when last before him, was res judicata. All the conditions necessary to make it so, namely, identity of subject-matter, of action, of parties and the quality of the parties, fully coexisted.

It may be urged that the first decision is final only so far as the first writ is concerned. It must be borne in mind, however, that an alias fieri facias is grounded on the original, Tidd's Prac., 9th ed. 1020, and is, in substance, a continuation thereof, or a supplement thereto : McAfoose's Appeal, 32 Pa. 276. In the case just cited, a claim for exemption, out of realty, made only on the original fieri facias was allowed, out of the proceeds of a sale made on an alias, because of the connection between the two writs; so, in the present case, the decision against the defendant's right to exemption out of his interest in the limited partnership must be held applicable, until reversed, or the conditions are changed, to each successive execution, issued by the same plaintiffs or their privies on the same judgment and levied on the same property.

To allow the question of the defendant's right to be tried anew, on its merits, on the issuance of each execution, would promote needless and vexatious litigation, and be contrary to the principles whereon the doctrine of res judicata rests.

The decree is affirmed and the appellant directed to pay the costs of the appeal.