In re SCHAFER.

(District Court, E. D. Pennsylvania. February 20, 1907.)

No. 2,404.

BANKRUPTCY—EXEMPTIONS—FORFEITURE BY FRAUD.

In Pennsylvania a bankrupt who deliberately and willfully conceals or denies the ownership of property to prevent it from being subjected to the payment of his debts forfeits his right to any exemption under the state law.

In Bankruptcy. On certificate from referee.

Charles S. Wood, for the bankrupt.

Charles L. Smyth, for objecting creditor.

J. B. McPHERSON, District Judge. The referee to whom this case was referred (Richard S. Hunter, Esq.) refused to allow the bankrupt's exemption for reasons set forth in the following opinion:

"The bankrupt was sworn at the first meeting, and testified that his petition in bankruptcy contained a full, true, and accurate account of all his assets. To the question, 'You have no other property in existence other than what has been specified in your schedule,' he replied, 'No.' When examined by counsel for a creditor he testified that he owned a building lot at Glenside for which he had paid $500. Counsel asked, 'Why is it omitted from the schedule?' He replied, 'I do not know why.' The referee then asked the witness, 'Why didn't you include this lot in your schedule?' to which he replied, 'I will be honest and true with you. It is the last thing in the world I have got. It was the only thing I had for my family, and I tried to save it.'

"Upon this state of facts, it is argued by counsel for a creditor that the bankrupt's exemption should not be allowed, and in support of this contention is quoted In re Imhoff's Appeal, 119 Pa. 350, 13 Atl. 279. In that case the debtor falsely stated to the sheriff, who was about to levy on certain personal property claimed by his wife, that the property referred to had been shipped to New York, and that the debtor had no goods in the county. The property thus fraudulently withdrawn from the execution included goods of some value purchased by the debtor himself. He thus falsely increased his claim on the fund realized from the real estate to the extent of the value of the said goods. The court decided that, under the circumstances, he was not entitled to the balance of his exemption. The rule as stated in Strouse v. Becker, 38 Pa. 190, 80 Am. Dec. 474, was affirmed. In that case it is said by Justice Woodward, 'The debtor should exhibit his property honestly, and claim only the exemption which the law allows him * * *. But if he equivocate and dissemble, denies the ownership of that which he cannot hide, and embarrasses the officer of the law in the execution of his duties, he forfeits not only his self-respect, but his hold upon the exemption provided for honest debtors.'

"Section 6 of the bankrupt act, Act July 1, 1898, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], enacts that this act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws. No exemption is allowed by the act other than that which is in force in the state of the bankrupt's domicile, and the hardship which undoubtedly results to the bankrupt's family from the loss of his exemption must have been considered and passed upon by the Pennsylvania courts.

"The referee is constrained by the authorities presented to decide that the bankrupt, under the circumstances of the case, is not entitled to claim his exemption."

Upon exceptions to this finding, the referee said further:

"Counsel for the bankrupt, in addition to his verbal argument before the referee, has submitted a careful and exhaustive brief of cases from the Bank-

ruptcy Reports, which shows that in Wisconsin, Arkansas, Georgia, and Ohio, where the bankrupt either had committed a fraud against the act or was under strong suspicion of so doing, his exemption was nevertheless allowed. In the absence of Pennsylvania cases these decisions would be strongly persuasive. But the Pennsylvania rulings leave no doubt.

"The referee has before said that under section 6 of the act, the allowance to bankrupts of the exemptions which are prescribed by the state laws is not affected. We are therefore remanded to a consideration of the Pennsylvania cases, which have already been cited by the referee, and which clearly hold that a debtor making a false statement to the officers of the law with regard to his property is not entitled to his exemption.

"Two cases have recently arisen in the bankruptcy courts having jurisdiction in Pennsylvania. The first is In re Duffy, 9 Am. Bankr. Rep. 358; 118 Fed. 926, where Judge Archbald decides that in the case before him the bankrupt had not been so proved guilty of fraud as to bar him from his exemption. 'With regard to the merits,' says the learned judge, 'it is no doubt true, as decided in Imhoff's Appeal, 119 Pa. 353, 13 Atl. 279, and as recently enforced in this court (In re Yost, 9 Am. Bankr. Rep. 153, 117 Fed. 792), that one who is guilty of the fraudulent disposition of his property forfeits his right to the exemption, to which he would be otherwise entitled; but I cannot see that the bankrupt is convicted of this in the present instance.' An examination of this case shows that it turned entirely upon the point that the evidence did not establish the charge of fraud.

"The most recent decision is that of the learned junior judge of this district, in the matter of Leo Alex, 15 Am. Bankr. Rep. 450, 141 Fed. 483. The referee found that the conduct of the bankrupt was fraudulent, and denied his exemption. Upon appeal, Judge Holland said, 'The findings of fact by the referee in this case are approved, and we agree with his conclusion that the bankrupt was not entitled to have property to the amount of $300 set aside for his use.'

"In the case now before the referee there is no question of the fraud, which was admitted in open court, and the decision last cited is therefore absolutely binding upon the referee.

"The referee sees no reason to alter his finding that the bankrupt, under the circumstances of the case, is not entitled to claim his exemption."

Upon the facts thus found by the referee, I am unable to agree with the argument of the bankrupt's counsel that the conclusion should have been different under the Pennsylvania decisions. The authorities cited by the referee—to which may be added Kreider's Estate, 135 Pa. 578, 19 Atl. 1073; Riley v. Ogden, 185 Pa. 509, 40 Atl. 76; and Frank v. Kurtz, 4 Pa. Super. Ct. 234—show conclusively that, in this state, if a debtor deliberately and willfully conceals, or denies the ownership of property, in order to prevent it from being subjected to the payment of his debts, he forfeits thereby his claim to exemption; and the question, therefore, in every case. is a question of fact whether or not the intention to conceal, or otherwise to defraud, is fairly established by the evidence. I have read all the testimony in the case upon this point, and I see no escape from the conclusion that such a deliberate and willful intention was established. When it is further considered, that the referee had the witness before him, and enjoyed the opportunity of seeing and hearing him testify, it seems to me impossible to set aside the referee's finding upon the ground that he was mistaken.

The order of the referee must therefore be affirmed.