## In re SCHWARZ.

(District Court, E. D. New York.   November 18, 1912.)

1. BANKRUPTCY (§ 340*)—REFERENCE—PROOF OF CLAIMS.

The presentation of a note, accompanied by a duly verified claim, constitutes a prima facie establishment of the claim in bankruptcy, and puts the burden of furnishing some evidence to rebut the same on an objecting creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 342½*)—CLAIMS—REFERENCE.

A referee in bankruptcy has jurisdiction to determine a disputed claim on a note signed by a bankrupt, and the referee's determination of the question of fact as to the bona fide existence of the indebtedness is entitled to the same weight on review as the verdict of a jury.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

3. BANKRUPTCY (§ 185*)—CLAIMS—NOTES OF BANKRUPT—TRANSFER—DEFENSES—"NEGOTIABLE INSTRUMENT."

A note payable to a corporation is a "negotiable instrument," capable, when indorsed in blank, of being transferred from hand to hand, and against which the maker's trustee in bankruptcy can avail himself of only such defenses as were available to the maker, not including collateral issues between the indorsers subsequent to delivery.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 235, 273; Dec. Dig. § 185.*

For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, p. 7731.]

4. BANKRUPTCY (§ 339*)—CLAIMS—NOTES.

A bankrupt executed a note payable to the L. I. Painting & Decorating Co., which was indorsed by the company, by B. J., purporting to be the manager of the corporation, and by N. J. It appeared that N. J. was the actual owner of the corporation, and had authority to transfer its property, in so far as the corporation's creditors might be concerned, and that he made the indorsement for the corporation, transferring the note by signing his brother's name as manager and his own name below.  *Held*, that neither the bankrupt nor his trustee could attack the transfer; it appearing that N. J., so far as the bankrupt's creditors were concerned, was not only the last indorser, but the party to whom the note was given by the maker, and who was entitled to receive the proceeds thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 525, 526; Dec. Dig. § 339.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Abraham Schwarz, to review the allowance of a claim on a note executed by the bankrupt to the Long Island Painting & Decorating Company. Allowance of claim sustained.

Ira G. Darrin, of Long Island City, N. Y., for claimant.
Reuben Dorfman, of New York City, for trustee.

CHATFIELD, District Judge. The bankrupt has made an offer of composition, consideration of which has been held pending the allowance of claims by the referee. Among these claims was one presented by Nathan Jarashow, for $894.33, composed of principal and

interest on a promissory note for $875, dated May, 25, 1911, payable four months after date, to the Long Island Painting & Decorating Company, at 33 Vernon avenue, Long Island City, and signed by the bankrupt. This note bears the indorsements of the bankrupt, of the Long Island Painting & Decorating Company, Benjamin Jarashow, Manager, and of Nathan Jarashow, and was protested by the Queens County Trust Company on the 25th of September, 1911.

The petition in bankruptcy was filed upon the 27th day of September, 1911, and certain witnesses have testified that Nathan Jarashow assisted in having the petition in bankruptcy prepared, or urged the creditors to file the petition. This testimony, also, is to the effect that Jarashow stated at the time that the bankrupt owed him money for painting and decorating work, and said nothing about either the note or any loans of money. The trustee in bankruptcy filed objections to the allowance of the above claim by the referee, and, having excepted to the allowance, the matter was brought on for review by this court, upon certificate by the referee of the record before him. The trustee has taken exception to a finding by the referee that the presentation of the promissory note, with a properly verified proof of claim, established a prima facie claim against the bankrupt estate.

[1] This finding by the referee was accompanied by a ruling that, after a prima facie claim had been presented, the burden was upon the objecting parties to establish by a fair preponderance of evidence that the claim was invalid. The referee was certainly correct in holding that the presentation of a promissory note, accompanied by a duly verified claim, threw upon the objecting creditor the burden of furnishing some evidence to rebut that furnished by possession of the note and by the verified allegations of the claim.

[2] But if such testimony were presented, and if further evidence were offered in support of the note, the referee would have to determine whether or not the creditor presenting the claim had sustained the burden of proof which necessarily rests upon him to establish his claim. In the present case testimony was offered to support the claim, and also to oppose it, and the referee has determined that the evidence is sufficient to establish the claim. Whether or not he at any time confused the burden of proof with the burden of furnishing evidence is immaterial, for his conclusion upon the entire issue was within his jurisdiction and seems to have been made upon the merits after hearing the witnesses.

[3] The trustee also attacks the claim presented upon the ground that a transfer of the note by the Long Island Painting & Decorating Company, a corporation, could not be proven by the mere presence of an indorsement by a manager, and that the note in question, under the law merchant, could not be transferred by a corporation by delivery only, or, in other words, that possession was not prima facie evidence of ownership. But with this contention the court cannot agree, for a note of this nature is a negotiable instrument capable, when indorsed in blank, of being transferred from hand to hand, and the trustee in bankruptcy can avail himself of defenses only which

would have been available to the maker of the note. He cannot raise collateral issues between indorsers subsequent to delivery.

Objection is also made that the Long Island Painting & Decorating Company was merely a corporate name by which Nathan Jarashow and his brother, Benjamin Jarashow, were endeavoring to conceal their property from their own creditors. It appears from the testimony that Benjamin Jarashow, at the time of this transaction, was not even acting as manager of the Long Island Painting & Decorating Company, but that the indorsement of this note was made by Nathan Jarashow, who signed his brother's name as manager, and that at the time in question Nathan Jarashow was alone operating or conducting his business as the Long Island Painting & Decorating Company.

[4] It appears that he actually was the owner of that company and had the authority to transfer its property, excepting in so far as its creditors might make objection. And the bankrupt is not in a position to attack the method of transfer, for whatever may have been the origin of this particular debt, or whatever may have been the reason for the making of the note by Schwartz, the testimony shows that Nathan Jarashow (so far as the creditors of Schwartz are concerned) is not only the last indorser, but also the party to whom the note was given by the maker, and who was intended to receive the proceeds therefrom.

The various items of testimony showing that Nathan Jarashow was concealing the property from his own creditors, that he kept this note until just before maturity, that he was dealing with Schwartz under the name of the Long Island Painting & Decorating Company, and that Mrs. Schwartz had previously become indebted to that company for some painting which had been done upon houses owned by her, and which had been purchased for her by her husband long previous to the bankruptcy, are not matters of defense to this note, but are to be taken in consideration in determining whether or not the note and the entire transaction out of which it grew were fraudulent, and intended both by Jarashow and Schwartz to conceal Schwartz's property from his creditors.

It appears that Jarashow is a relative of Mrs. Schwartz, and that he has gone into a business with which he was unfamiliar, and in which Mrs. Schwartz is interested, of the same nature as that in which Schwartz was occupied prior to the time of bankruptcy. It appears that Jarashow attempted to aid Schwartz at the time of bankruptcy, and did not tell the truth to the other creditors, nor on the first examination, and the trustee was plainly justified in objecting to the allowance of a claim by Jarashow against the Schwartz estate in bankruptcy, unless that claim be satisfactorily established.

The question of the allowance of the claim, therefore, comes down to a question of fact as to whether or not the loans alleged to have been made by Jarashow to Schwartz were made, and whether or not the note was given for the existing debt by the bankrupt, or whether the note was entirely or substantially fictitious, and was given for the purpose of secreting assets by the bankrupt for his future use. Upon this issue of fact, the referee has found, after hearing the wit-

nesses, in favor of the bankrupt and of Jarashow. He finds that Jarashow actually loaned the money. He finds against the trustee in bankruptcy upon the issue of intentional concealment of assets, and the court cannot overrule the referee's determination of such an issue of fact, even though the circumstances be such that the printed record presents a situation which would indicate that the parties were narrating a statement which was difficult of belief.

The referee has found as a matter of fact that Mr. Jarashow's statement of the transaction is true, and a review of the referee's finding on an issue of fact (like an appeal from a verdict of a jury where a disputed question of fact has been submitted for determination) does not give the court the right to substitute its feeling about the matter for the deliberate determination of the referee.

The referee's allowance of the claim must be upheld.