the question of the unreasonableness of the rate and as to whether the rate is confiscatory. What I have said is subject to this exception: That, if the Commission had refused to hear any testimony that was material on the question as to whether the rates were confiscatory or unreasonable, then this court would be inclined to hear such testimony; but, it appearing that no effort has been made on the part of the railroad to present to the Commission this additional testimony bearing on the question as to whether the rates were confiscatory, it would not be proper for us to consider evidence of that character, and we will exclude the evidence presented by the complainant, and hear only the testimony contained in the record which was before the Commission at the hearing of the case.

---

### In re LIBY.

#### (District Court, E. D. Pennsylvania. November 24, 1914.)

#### No. 5066.

BANKRUPTCY (§ 399*)—EXEMPTIONS—PERSONAL PRIVILEGE—WAIVER.

    Since, by the laws of Pennsylvania, the exemption allowed to a debtor is a personal privilege to him, which he may waive and lose, and not a police regulation, primarily for the benefit of the community, to prevent the debtor from becoming a public charge, a Pennsylvania bankrupt's failure to surrender all his property to his trustee was sufficient to deprive him of the right to exemptions out of that which he did surrender.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Harry Liby. On petition to review a referee's order disallowing a bankrupt's exemption. Affirmed, and petition dismissed.

Levi & Mandel, of Philadelphia, Pa., for bankrupt.

Harry L. Jenkins and William S. Furst, both of Philadelphia, Pa., for objecting creditors.

DICKINSON, District Judge. The order of the referee is based upon a finding of fact. Every presumption exists in favor of the correctness of this finding. It should not be disturbed by the court, unless a mistake is clear. No such justification for interference by the court with the finding is present in this case. The whole question, therefore, resolves itself into one of law. The question presented is: Does the fact that the bankrupt has not surrendered all of his property to the trustee in bankruptcy deprive him of his right to his exemption out of that which he has surrendered? This again resolves itself into another question: Is the exemption allowed for the benefit of the bankrupt, or is the exemption law in the nature of a police regulation, and primarily for the benefit of the community, to prevent insolvents from becoming public charges?

In some of the states one answer is made to this latter question, and in the others a different answer. In the state of Pennsylvania the ex-

emption is viewed as the personal privilege of the debtor, which he may waive, and which he may lose. In other states the public policy feature is given emphasis. The Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) allows whatever exemption is given by the state laws, and the courts of the United States have followed the rulings of the state courts in the construction of exemption statutes. In re Schafer (D. C.) 151 Fed. 505.

This disposes of the only question involved in the present appeal, and the order of the referee is affirmed, and the petition for review dismissed.

---

## LOUISVILLE & N. R. CO. v. WESTERN UNION TELEGRAPH CO.

(District Court, E. D. Kentucky, at Frankfort. September 28, 1914.)

### No. 758.

REMOVAL OF CAUSES (§ 12*)—DIVERSITY OF CITIZENSHIP—DISTRICT OF SUIT.

The provision for the removal of causes in the Judiciary Act of 1887 (Act March 3, 1887, c. 373, 24 Stat. 552 [Comp. St. 1913, § 1010]), which gives right of removal to a nonresident defendant in civil suits "of which the Circuit Courts of the United States are given jurisdiction by the preceding section," refers to the first part of section 1, which confers jurisdiction on all Circuit Courts of civil suits of the character therein specified, and not to the second part, which relates to venue, and not to essential jurisdiction; and a suit between citizens of different states, brought in a court of the state of which the plaintiff is a citizen and resident, although not in the district of his residence, if otherwise removable, may be removed by the nonresident defendant, notwithstanding the fact that under the venue provision of section 1 it could not have been originally brought in the federal court into which it is removed. The same right of removal exists in such case under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094) § 28 (Comp. St. 1913, § 1010).

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32, 33; Dec. Dig. § 12.*]

At Law. Action by the Louisville & Nashville Railroad Company against the Western Union Telegraph Company. On motion to remand to state court. Motion denied.

E. S. Jouett, Henry L. Stone, and Jas. B. Wright, all of Louisville, Ky., for plaintiff.

Richards & Harris and Humphrey, Middleton & Humphrey, all of Louisville, Ky., for defendant.

COCHRAN, District Judge. This cause is before me on plaintiff's motion to remand. It is a civil suit at law, brought in the circuit court of Fayette county, Ky., in this district, and removed thence to this court by the defendant. The plaintiff seeks therein to recover of the defendant $682,972.95 and interest from August 17, 1913. Question is made as to the exact nature of plaintiff's cause of action as set forth in its petition. But for the purposes of this motion I will accept it to be as plaintiff claims it is; that is, a suit to recover that sum as a reasonable rental for one year from August 17, 1912, for the use and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes