In re SMALL.

(District Court, W. D. Pennsylvania. November 22, 1923.)

No. 10472.

1. Bankruptcy ⊜⇒340—Evidence held insufficient to justify rejection of claims.

Discrepancies in testimony in support of claims *held* insufficient to warrant referee in bankruptcy in rejecting same, where there was no testimony directly assailing them.

2. Bankruptcy ⊜⇒340—Sworn claim is prima facie evidence of its allegations; burden of establishing not wholly on claimant.

Sworn proof of claim against bankrupt is prima facie evidence of its allegations, and burden of establishing claim does not rest wholly on claimants.

3. Bankruptcy ⊜⇒399(3)—Where concealment of assets attempted, denial of claim for exemption is justified.

Where attempt by bankrupt to conceal assets is established, referee is justified in denying claim for exemption.

In Bankruptcy. In the matter of the bankruptcy of Henry Small. Review of referee's orders disallowing claims to exemptions and disallowing claims of certain persons. Order disallowing exemptions affirmed, and order disallowing claims remanded, with instructions.

S. M. Lewinter, of Pittsburgh, Pa., for bankrupt.

Harry Ravick, of Pittsburgh, Pa., for trustee.

GIBSON, District Judge. In the course of proceedings in the above matter, the referee made an order disallowing the bankrupt's claim for exemption; also orders disallowing the claims of Simon Kaufman and Walter Aronson, for $2,550 and $1,000, respectively. Henry Small, the bankrupt, and Simon Kaufman and Walter Aronson, claimants, by their attorney, have petitioned for a review of the orders of the referee, and we are now called upon to pass upon the exceptions to said orders.

An examination of the record shows that no direct testimony was offered on behalf of the trustee in opposition to the claims of Simon Kaufman and Walter Aronson. The bankrupt was examined at the meeting of creditors and there testified to the correctness of the claims of Kaufman and Aronson. Kaufman is the father-in-law of bankrupt and Aronson is the brother-in-law. In that examination he gave what purported to be details of the transaction and the disposition of the money which he alleged he received from the claimants. Later exceptions were filed to the claims of Kaufman and Aronson, and testimony was heard, several months later, on March 10, 1923. At that time the trustee offered certain testimony which contradicted the testimony of the bankrupt. At the meeting of creditors the bankrupt had claimed to have received $1,500 (the amount named in one of the judgment notes filed with the claim) from Simon Kaufman upon a certain date, and had, at the same time, paid it out to a named firm. Witnesses were introduced to show that he had paid to that firm no such sums as were claimed to have been paid in the bankrupt's examination. There was no testimony offered by the trustee which directly assailed the Kaufman and Aronson claims.

[1, 2] At the hearing on March 10, 1923, Kaufman and Aronson each offered testimony for the purpose of supporting his claim. The testimony of Kaufman and Aronson differed very materially from that of the bankrupt, in so far as the details of the transactions were concerned which led up to the giving of the notes. The witnesses produced on March 10, 1923, differed in a number of essential particulars, and we can readily see that the referee very properly rejected that testimony as of no probative value. The discrepancies in the testimony of the witnesses and the surrounding circumstances perhaps justified him to some extent in suspecting that the claims were fraudulent. However, we feel that in the condition of the proofs the referee was not justified in rejecting the claims. Kaufman and Aronson had each filed sworn proof of claim. It has been held that such sworn proof of claim against a bankrupt is prima facie evidence of its allegations, and that objections thereto can be sustained only by the production of adequate proof to the contrary.

In the present matter the referee has apparently proceeded upon the theory that the burden of establishing the claims rested

wholly upon the claimants. In this he was in error, in our opinion. See Whitney v. Dresser, 15 Am. Bankr. Rep. 326, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584; In re Schwarz (D. C. N. Y.) 29 Am. Bankr. Rep. 700, 200 Fed. 309; In re Montgomery (D. C. Tex.) 25 Am. Bankr. Rep. 431, 185 Fed. 955.

In view of the situation disclosed by the record, we shall make an order remanding the record to the referee, with instructions to take further testimony, if any there be, in opposition to, or in support of, the claims under discussion.

[3] The testimony of the bankrupt discloses a concealment of assets. He admitted the existence of certain book accounts, which were not listed by him in his schedules. Where, as in this case, the referee finds that bankrupt has endeavored to conceal assets from his creditors, he is justified in denying the latter's claim for his exemption. In re Schafer (D. C. Pa.) 18 Am. Bankr. Rep. 361, 151 Fed. 505; In re Liby (D. C. Pa.) 33 Am. Bankr. Rep. 312, 218 Fed. 96.

The order of the referee, denying the claim of the bankrupt for his exemption, is sustained.