## Robinson v. Stamper

Edmonds, Obermayer & Rebmann, for plaintiff.
White, Fletcher & Schroeder, for defendant.

KUN, J., January 28, 1932.—Judgment was obtained by the plaintiff against the defendant in the Court of Common Pleas of Atlantic County, N. J., on September 25, 1931, in the sum of $11,244.16. Suit on that judgment was brought

in this court. Judgment by default was entered against the defendant and damages were assessed in the sum of $11,358.61. It appears by the docket entries that diligent efforts were made by plaintiff to seek satisfaction of the judgment, but with very little result. A bank account of the defendant in a sum of less than $300 was attached on the Second National Bank, Philadelphia. The defendant filed a claim for exemption. Plaintiff filed a petition for disallowance of the exemption claim and set up several reasons therefor: (a) that defendant failed and refused to produce certain shares of stock and concealed them from execution. In the answer filed by the defendant, he denied this allegation, and, inasmuch as the matter is disposed of on petition and answer, this ground must be disregarded; (b) that after judgment was entered against the defendant in the Common Pleas Court of Atlantic County, N. J., and execution issued thereon, the defendant borrowed the sum of $700 on his automobile, which was in the defendant's individual name, and paid approximately $470 of that sum to his wife without consideration.

The answer filed to this allegation is not sufficient in law. He admits the borrowing of $700 on his automobile, but denies that the payment of $470 to his wife was without consideration and avers that "any portion of the $700 borrowed—and delivered—[to the wife] was given to her for full consideration, to wit, payment of defendant's obligations." This is evasive and incomplete. It is evasive because it does not state how much according to defendant he turned over to his wife, so that the charge that he turned over $470 to her must be taken as admitted in law. As to the allegation that it was turned over for the payment of "defendant's obligations," this is incomplete because no specification of obligations is given, nor is there any allegation that the money was used for that purpose.

(c) After judgment and execution was issued, certain garage property situate on North Fifteenth Street, in the City of Philadelphia, which had been in the individual name of the defendant, was conveyed by the defendant to one Mary A. Conway as a straw party for the sole and only purpose of reconveying the same back to defendant and his wife as tenants by entireties, so as to avoid execution of said judgment. The answer admits the fact, but denies the fraudulent intent, setting forth that the property had originally been taken in the name of himself and his wife and another man and his wife as tenants in common, that the others had withdrawn from the title sometime before giving up their interest therein, and when after various transfers of title the property was put in defendant's name in 1928 it was in error, and should have been placed in the name of himself and his wife as tenants by entireties and it was to correct this that the recent transfer was made.

It is entirely unnecessary for us to go into the merits of this contention. The record facts speak for themselves. No doubt, since 1928 taxes have been paid on the property and these were assessed in the name of defendant himself as he was the registered owner, likewise, interest bills must have been paid by him. In a word, there were many opportunities for the defendant to have discovered the "error." However, the defendant's transaction with his automobile in raising $700 on it and giving the larger part of the amount to his wife is enough to convict him as a dishonest debtor.

There are many authorities to the effect that a debtor who obstructs or interferes with or attempts to avoid the execution of judgment against him cannot claim exemption: Strouse's Exec'r v. Becker, 38 Pa. 190; Emerson v. Smith, 51 Pa. 90 (1865); Imhoff's Appeal, 119 Pa. 350 (1888); Kreider's Estate, 135 Pa. 578 (1890); Harris et al. v. Shuster, 3 Pa. Superior Ct. 331 (1897).

The rule to disallow defendant's exemption was properly made absolute.